Gray *v.* Rollinsford.

Selectmen are agents of the town when no other agents are chosen.

An unqualified offer by the selectmen to pay for damages from a defective highway is competent but not conclusive evidence upon the question of the liability of the town.

Case, for personal injuries from a defective highway. Subject to the defendants' exception, the plaintiff testified that two of the selectmen of the defendant town came to see him four or five days after the accident ; that they said they had come to see him in regard to his getting hurt ; that they did not propose to pay him for what suffering he had to endure, but for loss of time and damage they were willing to pay him ; and when he got so he could set the damage they would pay it, or leave it out to some disinterested parties to say what the damage was. Verdict for the plaintiff, and motion for a new trial.

*Copeland*, for the defendants.

*Smith* and *Hobbs*, for the plaintiff.

Clark, J. The question in this case is, whether the declarations and admissions of the selectmen to the plaintiff, as to the liability of the town, were competent evidence to be submitted to the jury under proper instructions.

A corporation may admit its liability through its officers or agents. *Perkins* v. *Railroad*, 44 N. H. 223. Selectmen, in addition to their powers and duties as selectmen, have conferred upon them the authority of agents of the town, when no other agents are chosen. Gen. St. c. 37, s. 4. The acts and doings of selectmen, touching any of the matters falling within the scope of their official duty, may be proved

as evidence against the town, and from them may be drawn all the just inferences against the town which would arise against a party so acting in reference to his private affairs. *Glidden* v. *Unity*, 33 N. H. 571. Payment by the selectmen of a claim for damages from a defective highway is evidence of an admission of the liability of the town. *Grimes* v. *Keene*, 52 N. H. 330 ; *Coffin* v. *Plymouth*, 49 N. H. 173. If payment of a claim against the town by the selectmen is an admission of the liability of the town, an unqualified offer to pay must be equally so. The evidence is competent, but it is not conclusive. It may be explained, controlled, or overcome by other evidence in the case.

The same principle has been sustained in numerous cases involving the question of settlement of paupers. *Hopkinton* v. *Springfield*, 12 N. H. 328 ; *Pittsfield* v. *Barnstead*, 40 N. H 477 ; *Canaan* v. *Hanover*, 47 N. H. 215 ; *Harpswell* v. *Phipsburgh*, 29 Me. 313.

*Judgment on the verdict.*

FOSTER, J., did not sit.