DAVIS *v.* MANCHESTER.

Upon the question whether the streets of a city are reasonably safe and suitable for the public travel, the city ordinances are not competent evidence.

If they are received in evidence upon that question, a verdict against the objecting party will be set aside unless the jury are 'unequivocally instructed to disregard them.

CASE, for injuries received by the plaintiff's falling on a sidewalk in a street alleged to be defective. Verdict for the plaintiff. Subject to the defendant's exception, the plaintiff was allowed to introduce in evidence the following ordinances of the defendant:

"Chapter 7, section 5. No person shall make, erect, or maintain any doorstep, portico, porch, entrance, or passage-way to any cellar or basement or any other structure, in or upon any street, lane, alley, or sidewalk in the city, without permission in writing from the mayor and aldermen. No person shall suffer the platform or grate of the entrance or passage-way to his cellar or basement, heretofore constructed or which may hereafter be constructed, in any street, lane, alley, or sidewalk, to rise above the even surface of such street, lane, alley, or sidewalk; and every such entrance or passage-way shall be at all times kept covered by a suitable and substantial platform or grate; or in case it shall be kept open, it shall be guarded and protected by a sufficient railing, on both sides thereof, at least two feet and a half high, and well lighted at night. No person shall permit or suffer his well, cistern, or drain, in any street, lane, alley, or sidewalk, in the compact part of the city, to be or to remain open or uncovered. No person shall make or maintain any opening in any street, lane, alley, or sidewalk opposite the basement windows in any building owned or occupied by him, unless the same shall be covered by a strong iron grate."

"Sec. 9. The tenant or occupant, or, if there be no tenant, the owner of any building or lot of land bordering on any street where there is a sidewalk, shall cause all snow to be removed from the sidewalk adjoining his premises, and spread evenly on the ground, within six hours after the snow shall have ceased to fall, if in the day-time, or before two of the clock of the afternoon next succeeding, if the snow shall have ceased to fall in the night-time."

"Sec. 12. Any person who shall throw or put, or cause to be thrown or put, any snow or ice into any street, lane, or alley in the city, shall cause the same to be broken up and spread evenly over the surface of such street, lane, or alley."

"Sec. 22. No person shall, without necessity, drive any wheel carriage, sled, or wheel-barrow on or over the side pavements or walks of any street, lane, or alley, or ride or lead any horse thereon, or upon or across any of the commons of the city."

The plaintiff introduced evidence tending to show that violations of each of these ordinances contributed in making the sidewalk unsafe where she fell. The plaintiff contended before the jury that the ordinances were competent evidence to show a ground of the defendant's liability in the fault 'of its officers in not enforcing the ordinances, and argued the case to the jury, in part, upon this ground.

The court charged the jury in the usual manner as to the general duty of towns to keep highways in a condition reasonably safe and suitable for customary travel, and gave them the special instruction that this duty cannot be diminished or enlarged by municipal ordinances.

*J. H. Andrews, Sulloway, Topliff & O'Connor,* and *W. J. Copeland,* for the plaintiff.

*W. R. Patten* and *A. F. Stevens,* for the defendant.

CARPENTER, J. The question whether the sidewalk at the time and place of the accident was reasonably safe and sufficient for the public travel was the only one submitted to the jury. It was upon this question that the city ordinances requiring certain things to be or not to be done on the streets and sidewalks were received in evidence. In addition to putting fully before the jury, by proper evidence, the condition of the sidewalk and its material surroundings, the plaintiff was permitted to prove that its condition, or some features of it, were prohibited by the city ordinances. It is contended that a city may be liable for an injury happening by reason of objects found in the street in violation of its ordinances, although in the absence of such ordinances it would not be liable; that the ordinances are conclusive in such a case that the street is unsuitable for the travel, or, if not conclusive, are admissible in evidence as declarations or admissions of the defendant tending to show the condition in which its streets must be kept in order to conform to the requirements of the statute. None of these positions can be sustained.

The liability of towns and cities (G. L., *c.* 44, *s.* 2) for injuries caused by defects in a highway is created by the statute, and is limited to " damages happening . . . by reason of any obstruction, defect, insufficiency, or want of repair which renders the highway unsuitable for the travel thereon." G. L., *c.* 75, *s.* 1. Towns are not liable for damages caused by obstructions which do not render the highway unsuitable for the public travel. Their obligation to keep their ways in repair is measured by the same standard. They are not required to keep them in perfect condition, but " in good repair, suitable for the travel thereon." G. L., *c.* 74, *s.* 1. Generally speaking, nothing is an obstruction, defect, insufficiency, or want of repair, within the meaning of the statute, which the town is not bound to remove or remedy, and for the existence of which it is not liable to indictment and fine. *Hub-*

*bard* v. *Concord*, 35 N. H. 68; *Johnson* v. *Haverhill*, 35 N. H. 83; *Palmer* v. *Portsmouth*, 43 N. H. 268; *Ray* v. *Manchester*, 46 N. H. 60. No power to increase or diminish their liability is conferred upon towns or cities. G. L., c. 37; c. 44, s. 2. "City councils . . . may make, establish, publish, alter, modify, amend, and repeal ordinances, rules, regulations, and by-laws . . . to regulate all streets and public ways . . . and the use thereof, and the placing or leaving therein any carriages, sleds, boxes, lumber, wood, or any articles or materials, and the deposit of any waste or other thing whatever; the removal of any manure or other material therefrom; the erection of posts, signs, steps, or awnings; the digging up the ground, or any other act by which the public travel may be incommoded; the securing, by railings or otherwise, any well, cellar, or other dangerous place in or near the line of any street; to prohibit the rolling of hoops, playing at ball, or flying kites, or any other amusement or practice having a tendency to annoy persons passing in the streets and sidewalks, or to frighten teams and horses within the same; and to compel persons to keep the snow, ice, and dirt from the sidewalks in front of the premises owned or occupied by them; . . . but no by-law or ordinance shall be repugnant to the constitution or laws of the state." G. L., c. 48, s. 10, These provisions authorize city councils not to legislate touching the city's liability, but to impose obligations upon the inhabitants of the city and other persons respecting the occupation and use of the streets. They do not give or purport to give authority to enlarge or to modify in any way the statutory duty of the city to keep its ways in suitable repair, or its responsibility for damages happening to travellers upon them. The power of the councils is expressly limited to the making of ordinances not repugnant to the general laws of the state. In actions for damages and indictments alike, the question always is, whether the highway at the place complained of was reasonably safe and suitable for the travel thereon, and according as this question is found the city is or is not liable. Proof of the mere fact, that the thing complained of as a defect was in the street in violation of an ordinance, would not be enough to establish the city's liability; the street might, nevertheless, be in a condition suitable for the public travel. Proof that the alleged obstruction was authorized by an ordinance would not constitute a defence; the street might nevertheless be unsuitable for the travel. The things prohibited do not render the streets unsuitable any more than they would if they were not prohibited. The fact that they are prohibited is not relevant to the issue; it has no tendency to show the actual condition of the street, and is not an admission, or evidence of an admission, by the city that their presence in the streets renders them unsuitable for the travel, within the meaning of the statute. Many things may properly be forbidden to be done on the public ways of a city, which, if done, would in no

manner affect the safety of travellers, and many things, also, which, though they might render the travel less safe, would not constitute an obstruction or defect for which the city would be liable, as, for example, coasting, or individual misconduct of any kind. *Ray* v. *Manchester*, 46 N. H. 59. The city councils might deem it advisable that the streets be maintained in a better and safer condition than that prescribed by the statutes. If their requirement, that they be so kept, were held to raise the standard of the city's obligation,—to be an admission or evidence of an admission that a street not maintained at the degree of excellence so required is defective and insufficient,—the city might be subjected to damages, not for its negligence, but by reason of its extraordinary and unnecessary precaution.

Evidence has been admitted to prove payment by the defendant of damages to another person injured by the same accident, as tending to show an admission by the town that the highway was defective. *Coffin* v. *Plymouth*, 49 N. H. 173; *Grimes* v. *Keene*, 52 N. H. 330; *Gray* v. *Rollinsford*, 58 N. H. 253. The distinction between this doctrine and that now contended for has already been suggested. The action of the town there received in evidence was taken with a direct reference to its statutory liability, while that of the city in adopting ordinances has no relation to or effect upon its own duties. It may be argued that the corporation will not voluntarily assume the burden of paying damages for which it is not legally responsible; but by a requirement that its citizens and others shall do or refrain from doing certain things upon its highways, it takes upon itself no burden: it merely imposes on other parties obligations, for the performance or non-performance of which it is in no manner responsible. The doctrine of *Coffin* v. *Plymouth* had the approval of a majority only of the court. It goes to the extreme verge of the law, and must be confined in its application strictly within the limits assigned in that case, and in those which have followed it.

The error of admitting the evidence was not cured by the instructions to the jury that the duty of towns to keep highways in a condition reasonably safe and suitable for the customary travel cannot be diminished or enlarged by municipal ordinances. If it necessarily follows from this proposition that the ordinances were not competent evidence and should be disregarded, the conclusion is a deduction of law which should have been explicitly stated to the jury. They may have understood, notwithstanding the instructions, that the ordinances were to be considered and weighed in determining the sufficiency of the sidewalk. To correct an error in the reception of evidence, the instructions to disregard it must be unequivocal.

*Exceptions sustained.*

STANLEY, SMITH, and CLARK, JJ., did not sit: the others concurred.