## HASKELL, *petitioner, vs.* BECKET.

The Court, in the exercise of its dicretion, will not grant a review on petition, where the object is merely to discredit a witness who testified at the trial;—nor because one of the jury was not impartial, or was hostile in his feelings to the petitioner, if this fact was known to the petitioner before the trial;—nor because a juror had expressed a general opinion of the cause before the trial, if it appear that he had formed no judgment of the merits, and stood indifferent between the parties.

On such an application the juror ought to be called, to explain his own feelings and declarations, and he may be examined generally in support of the verdict.

The petitioner in this case prayed for a review of a suit heretofore decided between him and the respondent; in which he represented that the verdict was improperly returned against him, because one of the jurors did not stand impartial between the parties, but had, before the trial, formed and expressed a decided opinion against the petitioner's right to recover; and had also manifested and expressed sentiments of prejudice and hostility against the petitioner, inconsistent with that fairness and impartiality which by law is required of jurors ; and that one of the defendant's witnesses had, since the trial, confessed that his knowledge of the facts he swore to was derived wholly from the statements of the party who called him.

At the hearing of this petition it was proved by the petitioner that the juror alluded to had said, prior to the trial, that *Haskell* had better settle the action, for he thought he would lose it; and at the same time complained of *Haskell's* having wronged him in some former dealings between them.

The juror himself, being called by the respondent, testified that before the trial he had heard both parties speak of the matter in dispute a number of times,—that there had been much conversation on the subject,—and that he had entertained an impression that if the facts generally stated were true, the cause would be decided against the petitioner; which impression he had stated to the witness called on the other side. But he said he had not formed any opinion of his own upon the merits of the cause, but came to the trial without any bias or prejudice in his mind, and with the determination to decide according to the evidence

Haskell, petitioner, v. Becket.

which might be given in Court. He admitted that two or three years ago there had been a misunderstanding between him and the petitioner, to whom he expressed his dissatisfaction at the time, but that the excitement of his feelings on that occasion had long since subsided.

He also testified, as did another juror, that on going into their room the jury very soon agreed on a verdict for the defendant, and that he was one of the last to give his opinion.

Some attempt was made to ascertain from this juror some facts tending to impeach the verdict, but the inquiry was stopped by the Court, who said that to *such* facts it was not the pratice to permit jurors to be interrogated; though they might be examined generally in support of the verdict.

PER CURIAM. The legislature has repealed the law granting reviews of right, because of the temptation it afforded to the crime of perjury; but for the advancement of justice it has referred the same subject to the general discretion of this Court. In the exercise of this discretion the Court will endeavor on the one hand to prevent the mischiefs which existed under the old law, and on the other to preserve in all its purity the trial by jury.

It is alleged by the petitioner that the trial of his cause was not a fair one, because one of the jurors entertained feelings of hostility against him, resulting from supposed injuries which the petitioner had offered him. How far this fact, if unexplained, might go, it is not necessary now to determine; yet of itself it might probably induce the Court to send the cause to another jury. But it seems to have been as well known to the petitioner before the trial, as now; and if he would object to the juror for this cause, the objection should have been taken at the trial. Not being taken then, it is waived.

It is also stated by the petitioner, that the juror had formed and expressed an opinion unfavorable to his cause. But this is explained in a satisfactory manner by the juror himself, who is very properly called for this purpose. Indeed whenever the verdict is impeached for any cause of this sort, the jurors implicated ought to be permitted to explain. Here the juror had heard much conversation respecting the cause, and upon the state-

ments made by the different parties, if they should prove to be true, he anticipated a certain result.   But of the truth of these statements he does not seem to have entertained any distinct opinion, much less to have formed any judgment of the merits of the cause, or to have attempted to weigh them.   It does not appear therefore that he stood any otherwise than indifferent between the parties.

As to the other ground stated in the petition, it cannot be sustained.   It is not the practice of this Court to grant a review on petition, where the object is merely to impeach the credibility of a witness who testified at the trial.

*Petition dismissed, without costs.*