## TAYLOR & AL. *vs.* GREELY.

On a motion to set aside a verdict, on the ground that one of the jury had prejudged the cause; the testimony of the juror himself is to be heard, in explanation of the language and conduct imputed to him.

A verdict having been returned for the plaintiffs in this cause, the defendant moved that it be set aside, for the alleged prejudice and partiality of one of the jurors.

In support of the motion it was proved that to two different persons the juror had declared, a short time before the trial, that he knew all about the cause, and that the plaintiffs would, and ought to recover;—and that to another he said it would be a hard case for the plaintiffs if they should fail in the action.

It was admitted that at the trial the defendant's counsel inquired of the juror whether he had formed any opinion upon the merits of the cause; to which he gave satisfactory answers in the negative; and the counsel declined having him examined under oath.

The juror himself deposed that he had no recollection of ever having used the language imputed to him, though he might have so done; and that when he went upon the panel he was unbiassed, unprejudiced, and impartial.

THE COURT, at the succeeding *August* term in *Oxford*, said that under the circumstances of this case they could not sustain the motion. The defendant had not thought it necessary to have the juror interrogated under oath, as he might have done; but declined it, and was satisfied with his answers, reposing confidence in his integrity. The juror himself had sworn that he was impartial, and not under the influence of any impure motives; and the expressions he is said to have used may be explained and understood without any impeachment of his motives, and consistently with pure intentions and a desire to do justice.