PATRICK MUNDE *vs.* JASPER E. LAMBIE & another.

Hampshire.   Sept. 17. — 18, 1878.   ENDICOTT & SOULE, JJ., absent.

If a bill of exceptions, allowed by the judge at the first trial of a case, and containing statements material to the issue, is, at the second trial, taken to the jury room and read by the jury or any of them, it is sufficient ground for a new trial; and misconduct by the party, in whose favor the verdict is rendered, need not be shown.

If a paper is improperly read by a jury or any of them during their deliberations, and, for this reason, a motion for a new trial is duly filed, the order of the Superior Court overruling this motion is a decision upon a question of law, which may be brought to this court by a bill of exceptions.

CONTRACT. After the decision reported 122 Mass. 336, a second trial was had in the Superior Court, resulting in a verdict for the plaintiff, which the defendants moved to set aside, because the jury carried out with them, into the jury room, and kept there during their deliberations, the bill of exceptions,

drafted by the plaintiff's counsel and allowed by the court after
the first trial and verdict for the defendants, which was read by
the jury or in their hearing during such deliberations. The mo-
tion was overruled by *Allen*, J., who allowed a bill of exceptions,
stating the facts that appeared upon the hearing of the motion
as follows :

One of the jury was permitted to testify, against the plain-
tiff's objection, that the bill of exceptions, (by which it ap-
peared that a verdict was returned at the former trial for the
defendants, and that the plaintiff alleged exceptions to certain
rulings of the judge,) was handed to the jury by the officer in
charge of them, with the other papers in the case; that some
of the jurors read the same ; and that, at the request of some of
the jury, he read it aloud two or three times. It appeared that
the jury were out from four o'clock in the afternoon until ten
o'clock the next forenoon, and the witness, on cross-examination,
testified that the jury did not agree until about three minutes
before they came in with their verdict. There was no other
evidence.

The defendants asked the judge to rule that, if he was satis-
fied that the bill of exceptions was in the jury room, and was
read by the jury or any of them during their deliberations, then
a new trial should be granted ; but the judge declined so to rule,
and, finding that there was no misconduct, overruled the motion.
The defendants alleged exceptions.

*W. G. Bassett*, for the defendants.

*A. J. Fargo*, for the plaintiff.

GRAY, C. J.   The bill of exceptions tendered by the plaintiff
and allowed by the judge at the first trial was not competent
evidence to be laid before the jury at the second trial.   As the
statements therein were material to the issue and may have prej-
udiced the defendants, it was not necessary to show misconduct
on the part of the plaintiff in bringing the paper before the jury.
The refusal of the judge, at the hearing of the motion to set
aside the last verdict, to rule, as requested by the defendants,
that, if he was satisfied that the paper was in the jury room and
was read by the jury or any of them during their deliberations,
a new trial should be granted, was an erroneous ruling in matter
of law, and a subject of exception. Gen. Sts. *c.* 115, § 7.   *Whit*

*ney* v. *Whitman*, 5 Mass. 405.　*Hix* v. *Drury*, 5 Pick. 296, 302. *Alger* v. *Thompson*, 1 Allen, 453.　*Woodward* v. *Leavitt*, 107 Mass 453, 462, 466, 467.　　　　　*Exceptions sustained.*