KNIGHT v. EPSOM.

The testimony of jurors is admissible to show that a verdict found by dividing the sum of their several markings by twelve was, after deliberation and before they separated, agreed to.

CASE, for injuries on a highway. Verdict for the plaintiff. Motion by the defendants to set the verdict aside for misconduct of the jury.

The defendants produced the testimony of the officer who had the jury in charge, which tended to show that the verdict was the result found by dividing the sum of the several estimates of the jurors by twelve, and that this method was agreed upon before the estimates were made. The plaintiff produced the evidence of one of the jurors, which tended to show that a juror proposed that an average of the several estimates be found by dividing their sum by twelve. After this was done the subject of the damages was discussed, some of the jurors thinking the amount too large and some too small, one naming a very much larger sum. In about fifteen minutes the average result was agreed upon as a verdict and returned into court.

To rebut this evidence the defendants offered to show by others of the jurors that it was agreed before taking the average that the result found in that way should be the verdict, and that after the result was found there was no deliberative discussion or voting on the result, but that it was returned into court at once as a verdict. They also offered to show by one of the jurors that he refused to agree to a verdict for the plaintiff until his resistance was overcome by the argument of other jurors that it was better to find a verdict against a town outside the county than to impose on the county the expense of another trial. The evidence offered was rejected, and the defendants excepted.

The court found that after taking the average of the several jurors' markings, the result was considered, and finally agreed upon as a verdict. The motion was denied, and judgment ordered on the verdict. The defendants excepted.

*W. L. Foster* (*T. J. Smith* with him), for the defendants.

*Copeland & Edgerly*, for the plaintiff.

SMITH, J. In *Tyler v. Stevens*, 4 N. H. 116, affidavits of jurors that they misunderstood the instructions of the court were refused. *Richardson*, C. J., said,—" It has been thought to be singular indeed that almost the only evidence of which the case admits should be shut out; but considering the arts which might be used if a contrary rule were to prevail, it has been thought necessary to exclude such evidence . . . If it were once settled that the affidavits of jurors could be received to prove that they had misunderstood the instruction given them by the court, and that such misunderstanding was a legal ground for granting a new trial, the consequences would be most mischievous. For a very little tampering with individual jurors after the trial would enable any party to procure such affidavits, and no verdict could be permitted to stand."

In *State* v. *Hascall*, 6 N. H. 352, the defendant offered evidence that certain papers calculated to make an unfavorable impression upon the jury were exhibited by the prosecutor at several public places, and read in the hearing of the jurors during the term and before the trial. To rebut this evidence the state offered the affidavits of each member of the jury that they did not read or hear read any such paper before the trial nor out of court, and that they were induced to agree to the verdict from a consideration of the law and evidence given in at the trial, and from that only. *Parker*, J., said,—"It is evident that cases may occur where an attempt is made to impeach a verdict upon evidence founded in mistake, misapprehension, or perhaps in fraud. To exclude the testimony of jurors, therefore, in all questions affecting their verdict, would neither be just to the parties or the jury; and, upon a full consideration of this point, we hold that the affidavits of the jurors are admissible, in this case, to prove that they did not read or hear any such papers read, before their verdict . . . And that they are not admissible to show, in general terms, that they agreed to the verdict solely from the law and evidence given at the trial."

In *Page* v. *Wheeler*, 5 N. H. 91, papers which were not read on the trial went to the jury by mistake. *Richardson*, C. J., said,— "It is not competent to the party who has obtained the verdict to prove by the jurors that they were not influenced by the papers in finding their verdict: but the court must be governed by the tendency of the papers apparent from the face of them."

In *Tenney* v. *Evans*, 13 N. H. 462, the defendant moved for a new trial, and laid before the court affidavits to prove that the foreman had made declarations before the trial which evinced a feeling of partiality towards the plaintiff. To rebut this evidence the foreman testified that he knew nothing about the case, and had formed no opinion concerning it before the trial. One of the jurors testified that the foreman expressed no opinion on the case in the jury-room until a majority of the jurors had expressed themselves in favor of the plaintiff, and the foreman testified to the same effect. *Gilchrist*, J., said,—"But where evidence has been introduced *aliunde* to impeach the verdict, by showing improper conduct of the jury, or attempts upon them by a party, the affidavits of jurors have been received in exculpation of themselves and in support of the verdict. And for this there are substantial reasons. The motives and characters of jurors, who are bound by their oaths and consciences to a strict impartiality, and who perform so important a part in our jurisprudence, should not be assailed without giving them an opportunity for defence . . . There seems to be no reason why he [the foreman] should not be permitted to rebut the charge of partiality by his own evidence, tending to show that his acts were inconsistent with the existence of such a feeling: and if he may do this, he may surely offer evi-

dence in corroboration of his statements from one who knows whether those statements are true."

In *State* v. *Howard*, 17 N. H. 171, a capital case, the affidavit of a juror was read to show that he had no prejudice against the prisoner, and that he was in favor of rendering a verdict of murder in the second degree. *Parker*, C. J., said (*pp.* 187, 188),— "We perceive no sufficient reason . . . why they [jurors] should be excluded from stating, as a matter of fact, the verdict which they originally proposed to render. This stands like any other simple matter of fact, and is of a character that it may be readily contested, if doubted. It is competent for a juror to show that he had not deliberately expressed the opinion attributed to him : and this testimony respecting the verdict he proposed to his fellows to render had a direct bearing upon the question. It is not in impeachment, but in support, of the verdict."

In *State* v. *Pike*, 20 N. H. 344, the affidavit of a juror was read to show that he had no bias against the respondent before the trial; also to show that all the jurors remembered alike and correctly the contents of a paper which was not sent to the jury-room.

In *State* v. *Ayer*, 23 N. H. 301, on a motion for a new trial, a juror was permitted to testify that he did not make certain statements before the trial; also to what he said in the jury-room as to how a former jury stood. *Gilchrist*, C. J., said,—"The statements of Cotton [the juror] as to what took place after the jury had retired, if offered to impeach the verdict, are incompetent . . . But for the purpose of rebutting a charge made against him, his affidavit may be read."

In *Folsom* v. *Brown*, 25 N. H. 114, the plaintiff had a verdict for nominal damages, the costs being limited by statute to the same amount. The plaintiff moved to set the verdict aside, and offered the affidavits of a majority of the jurors that they supposed the plaintiff would recover full costs. This court said,—"Affidavits of jurors are not admissible to show . . . that they intended something different from what they found by their verdict. To allow affidavits of jurors for such purposes, or to show the consultations that took place in the jury-room, and the motives, inducements, or principles upon which the jury founded or joined in a verdict, would lead to great mischief. And this view of the matter is well sustained by authority." To the same effect is *Walker* v. *Kennison*, 34 N. H. 257, where the defendant moved to set aside the verdict because one of the jurors made certain misrepresentations to the others.

After a verdict is returned and recorded, the affidavit of a juror will not be received to show he did not agree to the verdict. *Breck* v. *Blanchard*, 27 N. H. 100. " It might be not a little dangerous to allow verdicts to be set aside upon a change of opinion by any juror after he had been exposed to improper influences." To the same effect is *Nichols* v. *Suncook M'f'g Co.*, 24 N. H. 437.

In *Leighton* v. *Sargent*, 31 N. H. 119, on a motion for a new trial, the defendant offered affidavits of jurors showing what transpired between them in the jury-room while considering the case, and in what way the amount of damages was determined. The court refused to receive such evidence to impeach the verdict. *Woods*, C. J., said (*p.* 137),—" It is now fully settled in this state that the affidavit of a juror is admissible in exculpation of himself, and to sustain a verdict, but, when it relates to what took place after the jury had retired, is wholly incompetent to impeach it."

In *Boynton* v. *Trumbull*, 45 N. H. 408, the verdict was set aside on the affidavit of the officer for misconduct in the jury-room. *Bartlett*, J., said,—" Although the testimony of the jurors in exculpation of themselves would have been competent (*Tenney* v. *Evans*, 13 N. H. 464), yet no attempt has been made to deny or explain the statements in the affidavit."

The authorities are substantially agreed that affidavits of jurors are not admissible to impeach their verdict. Gra. & Wat. N. T. 1429. The rule rests upon grounds of public policy. In some jurisdictions the affidavits of jurors are not received in support of the verdict, when evidence *aliunde* has been introduced to impeach it, unless they are in denial or in explanation of their acts or declarations outside of the jury-room. It is thought that to admit the testimony of jurors as to what took place in the jury-room. " would create distrust, embarrassment, and uncertainty." *Woodward* v. *Leavitt*, 107 Mass. 453, 460. In *Coster* v. *Merest*, 3 B. & B. 272, the ground alleged for a new trial was, that handbills reflecting on the plaintiff's character had been distributed in court at the time of the trial, and had been seen by the jury. The defendant denied all knowledge of the handbills, and offered affidavits from all the jurors that no such placard had been shown to them. The court refused to admit the affidavits, " thinking it might be of pernicious consequence to receive such affidavits in any case, or to assume that a jury had been unduly influenced." To the same effect are *Roberts* v. *Hughes*, 7 M. & W. 399, *Raphael* v. *Bank of England*, 17 C. B. 161, and *Standewick* v. *Hopkins*, 14 L. J. Q. B. 16, also reported in 2 D. & L. 502, where it was said,—" The general rule is, that the affidavits of jurors are not admissible, either to support or to impugn their verdict.'' In *United States* v. *Reid*, 12 How. 361, the question was left undecided. In *M'Corkle* v. *Binns*, 5 Binn. 340, a juror was permitted to testify that he never made the declarations in regard to the plaintiff with which he was charged, but was not allowed to state that he was for the lowest damages of any of the jury. See remark of *Parker*, C. J., on this case, in *State* v. *Howard*, 17 N. H. 171, 187.

A somewhat different rule prevails in this state, and was not adopted without full consideration. In *Tyler* v. *Stevens*, 4 N. H. 116, the case of *Coster* v. *Merest*, 3 B. & B. 272, was cited to

another point.  In *State* v. *Hascall*, 6 N. H. 352, 361, Judge *Parker*, commenting upon *Coster* v. *Merest*, says, in the extract from his opinion quoted above (*ante*, 358), that it is "upon full consideration of this point" that the court holds that the affidavits of jurors are admissible to prove that they did not read or hear read before their verdict the papers in question; and he cites *Hix* v. *Drury*, 5 Pick. 296, *Hackley* v. *Hastie*, 3 Johns. 252, *Taylor* v. *Greely*, 3 Me. 204, and *Haskell* v. *Becket*, 3 Me. 92.  In *Hackley* v. *Hastie*, the affidavits of jurors were received to show that certain depositions which were not read on the trial, and which had been taken by the jury to their room, were not read by them.  The court said,—"The decisions on this subject to be found in the books are contradictory.  Some of the ancient cases are very strict, but of late years courts have been inclined to be less rigid, and to decide according to the real justice of the case.  If the jury have never looked at the papers nor have been influenced by them, there can be no just cause for setting aside the verdict."

*Dana* v. *Tucker*, 4 Johns. 487, is a case on all fours with this, and affidavits of jurors were received to show that after they had found the average of their several markings, they agreed to the result after deliberation.  In *Jackson* v. *Dickenson*, 15 Johns. 309, affidavits of jurors were received to show that a mistake had been made in taking their verdict.  In *Hix* v. *Drury*, 5 Pick. 296, the affidavit of a juror was received to show that certain depositions were not read by the jury, he being absent when the other jurors were inquired of on the subject after they had returned their verdict.

Without examining further the numerous decisions on this question, we see no good reason for changing the rule in this state.  Our former decisions, that it is not competent for jurors to testify that they misapprehended the instructions of the court (*Tyler* v. *Stevens*, 4 N. H. 117), or that they were not influenced by a particular circumstance (*Page* v. *Wheeler*, 5 N. H. 93), or to the motives and inducements on which they have joined in a verdict (*State* v. *Hascall*, 6 N. H. 352), or to show the consultations that took place in the jury-room (*Walker* v. *Kennison*, 34 N. H. 257), are not affected nor called in question by the result in this case.  The rule so long recognized and applied in this state was adopted upon deliberate consideration, has been approved in other jurisdictions, and has been found in our practice to work substantial justice without impairing the freedom and independence of jurors in their deliberations and discussions in the jury-room.  "Moreover, the trial by jury would soon fall into disrepute if a verdict could be set aside upon evidence furnished solely by an unsuccessful party, who . . . has at least a strong interest to procure testimony unfavorable to the verdict, and whose friends and agents, of whom there is usually no lack, and from among whom his witnesses are

usually drawn, may be presumed to share his feelings." *Gilchrist*, J., in *Tenney* v. *Evans*, 13 N. H. 462, 465. The testimony of jurors is admissible to show that a verdict found by dividing the sum of their several markings by twelve was, after deliberation and before they separated, agreed to. There was no error in the reception or exclusion of evidence at the hearing.

*Exceptions overruled.*

ALLEN, J., did not sit: the others concurred.