COMMONWEALTH *vs.* JAMES KEENAN.

Barnstable.  January 27, 1890. — June 21, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Intoxicating Liquors — Agency.*

If there is but a single issue in a case and a general verdict, and there are no findings upon subordinate questions, error in admitting evidence as tending to prove the main issue is not cured by a statement of the jury that they have not considered it.

On an indictment for keeping a common nuisance and intoxicating liquors with intent unlawfully to sell the same, the only evidence connecting the defendant's son with the business, or showing him to be authorized to act for his father, was that the son said to officers searching the premises that liquor found there

"was some which was left over from the last raid"; and that the son, when standing upon a platform in the rear of the building, was seen to take a bottle from his pocket and give a drink therefrom to a man who handed the son what was thought to be money. *Held,* that there was no evidence that the son was the agent or the servant of the defendant.

INDICTMENT for keeping a common nuisance and intoxicating liquors with intent unlawfully to sell the same. At the trial in the Superior Court, before *Sherman,* J., the jury returned a verdict of guilty; and the defendant alleged exceptions, which appear in the opinion.

*S. H. Tyng & H. E. Fales,* for the defendant.

*A. J. Waterman,* Attorney General, *& H. A. Wyman,* Second Assistant Attorney General, for the Commonwealth.

FIELD, J. The defendant was charged with keeping a tenement used for the illegal sale of intoxicating liquor, and also with keeping intoxicating liquor with the intention of unlawfully selling it. The statement of the defendant's son, James Keenan, Jr., to the officers, at the time they searched the premises, with reference to liquor seized by them, that the beer " was some which was left over from the last raid," had, we think, no tendency to show that the son was the agent or servant of the defendant in keeping the tenement, or in keeping the intoxicating liquor found in it. The exceptions recite that " there was no other evidence which connected the son with the business, or showed him to be authorized to act for his father in any respect." The testimony of Bourne, a witness for the government, that on another occasion he saw the son "stand upon a platform in rear of the building, and take a bottle out of his pocket and give a man a drink out of it, and the man handed the said James, Jr. what he thought was money," standing alone, was insufficient to warrant the jury in finding that the son kept the tenement as the agent or servant of the father, or that the sale of the drink from the bottle was made for the father, and with his knowledge or approval. The court should therefore have given to the jury the instruction requested by the defendant, that there was no evidence which would authorize them to find that the defendant's son was the clerk or servant of his father, or that he acted with his father's knowledge or approbation.

The contention is, that the refusal to give this instruction became immaterial. The presiding justice instructed the jury, "that they should not consider the evidence of the conduct of the son unless they found the son made a sale of intoxicating liquors with the knowledge and approbation of the defendant," etc., and said that he should ask them when they returned into court "whether or not they considered the evidence of the alleged sale by the son in making up the verdict." The jury returned a general verdict of guilty, and in reply to an inquiry by the court, answered that they had not considered "the conduct of the son."

We do not deem it necessary to determine whether a court has the same right to put questions to a jury in criminal cases as in civil. See Pub. Sts. c. 214, § 17 ; c. 153, § 4, cl. 6. The question put in this case was not whether the jury found, or did not find, any special fact or facts which, if answered, might constitute a special verdict, but whether, in rendering a general verdict of guilty, they considered certain testimony which had been submitted to them as evidence. The evidence of the sale of a drink from a bottle by the son, if wrongly admitted, was of a nature likely to prejudice the defendant. As we have held that the defendant was entitled to a ruling that the sale by the son was not admissible as evidence against him, we cannot say that the error was cured by the answer of the jury. Where there is but a single issue in a case, and there is a general verdict, and there are no findings upon subordinate questions, we are of opinion that error in admitting evidence, as tending to prove the main issue, is not cured by the statement of the jury that they have not considered it.

*Exceptions sustained.*