MASON v. KNOX & a.

An admission of incompetent evidence that would be cause for setting aside the verdict of a jury, is cause for setting aside the report of referees appointed under Gen. Laws, c. 231. If the evidence is material, and has not been effectually withdrawn or excluded when they decide the case, it cannot be shown by their testimony or by their general statement in a supplementary report that in their opinion and according to their recollection their decision was not affected by the error.

TRESPASS *quare clausum.* Facts found by referees appointed under Gen. Laws, c. 231. Report for the plaintiff.

*Daniel Barnard,* for the plaintiff.

*F. N. Parsons* and *Sanborn & Hardy,* for the defendants.

CHASE, J. The northeast corner of the plaintiff's land is the southeast corner of the defendants' land. It is near an old ash stump, and on its southeasterly side; and the question of fact is, whether it is ten feet distant from the stump as the plaintiff claims, or three rods distant as the defendants claim. At the trial before the referees the plaintiff testified, subject to exception, that Taylor S. Prescott, who was a former owner of the defendants' land, and who was living at the time of the trial, had told the plaintiff, since Prescott parted with his title, where the corner was, and had pointed it out to him. The bound thus pointed out is the one claimed by the plaintiff as the corner. At a former term it was held that the evidence was material, and that its admission was error. Since that decision the referee's report was recommitted at the trial term on the plaintiff's motion, with instructions to report

whether the finding for the plaintiff was occasioned by the incompetent evidence ; and the referees have answered that it was not. The referees have also been examined in court as witnesses on this point by both parties, and the fact has been found that their report for the plaintiff was not influenced by that evidence.    The question of law is, whether the error can be cured in this way.

Referees appointed under *c.* 231, Gen. Laws, in an action triable by jury, take the places of both the presiding judge and the jury for the purposes of the trial, and should proceed " according to the rules of law  .  .  .  and the practice" which govern in jury trials.    An error which would be cause for setting aside the verdict if the action had been tried by jury, will have the same effect upon their report.   *Free* v. *Buckingham*, 59 N. H. 219, 224.

In a jury trial, if incompetent evidence is withdrawn or stricken out before the case is submitted, and the jury are unequivocally instructed to disregard it (*Davis* v. *Manchester*, 62 N. H. 422), its admission is not cause for a new trial unless there is reason to believe the evidence improperly affected the verdict.   *Hamblett* v. *Hamblett*, 6 N. H. 333; *Deerfield* v. *Northwood*, 10 N. H. 269; *Zollar* v. *Janvrin*, 47 N. H. 324, 326; *Burnham* v. *Butler*, 58 N. H. 568.    This rule is based on the belief that jurymen can with proper effort ignore certain facts within their knowledge, and form their judgment by a consideration of other facts.    The more the incompetent evidence is urged upon their attention, the more difficult it will be for them to disregard it; and so it is held that " ordinarily such evidence should be ruled out before the closing arguments."   *Judge of Probate* v. *Stone*, 44 N. H. 593, 607. If the evidence is seasonably and properly withdrawn, and it is not found that it had a prejudicial effect upon the verdict, the error occasioned by its introduction is regarded as harmless.    The same rule applies in trials by referees.   *Goodwin* v. *Scott*, 61 N. H. 112.    In that case the referees reported that the testimony which was objected to "had no influence upon them in their assessment of damages."    This was understood to mean that it " was ruled out and disregarded by the referees," and the foregoing authorities were cited in support of the conclusion that its admission furnished no ground for a new trial.

If incompetent material evidence is introduced, and not withdrawn or excluded before the case is submitted to the jury, it is cause for a new trial, and the testimony of jurors is not received to show that the jury were not influenced by such evidence.   *Page* v. *Wheeler*, 5 N. H. 91, 93; *State* v. *Hascall*, 6 N. H. 352, 361; *Folsom* v. *Brawn*, 25 N. H. 114, 123; *Landaff's Petition*, 34 N. H. 163, 178, 179; *Whitney* v. *Whitman*, 5 Mass. 405; *Hix* v. *Drury*, 5 Pick. 296, 302; *Woodward* v. *Leavitt*, 107 Mass. 453, 460; *Munde* v. *Lambie*, 125 Mass. 367; *Johnson* v. *Witt*, 138 Mass. 79, 80; *Commonwealth* v. *Keenan*, 152 Mass. 9, 11; *Haight* v. *Turner*, 21 Conn. 593; *Sheldon* v. *Perkins*, 37 Vt. 550; *Tarbell*

v. *Tarbell*, 60 Vt. 486, 494; Steph. Dig. Ev., *art.* 114; Best
Ev. 561, *n.* 1, *b.*, 566, 567.  If the evidence is in writing and
has not been read in the presence of the jury, and was not
placed in their possession through fault of the winning party or
through negligence of the losing party (*Maynard* v. *Fellows*, 43
N. H. 255, 259, *Gardner* v. *Kimball*, 58 N. H. 202, *Tabor* v.
*Judd*, 62 N. H. 288, 292), it may be shown by the testimony of
jurors that they did not read it or have knowledge of its contents.
*State* v. *Hascall, supra; Hix* v. *Drury, supra.*  In the absence of
such testimony, it is not competent for the party who has obtained
the verdict " to prove by the jurors that they were not influenced
by the papers in finding their verdict; but the court must be
governed by the tendency of the papers apparent from the face of
them."  *Page* v. *Wheeler, supra*, 93.  An attempt to analyze the
process by which the verdict was reached, and to ascertain the
effect which each portion of the evidence had in producing it, will
generally prove unsatisfactory.  However intelligent and honest
jurors may be, they may not be able to recall all the mental pro-
cesses by which their conclusion was reached, nor accurately to
estimate and describe the effect of particular evidence in forming
their verdict.  The liability to influence by *ex parte* appeals and
arguments, and the tendency of men to defend their opinions once
formed, greatly increase the unreliability of such testimony.  Its
inherent untrustworthiness is a sufficient reason for its incompe-
tency.

The cases last cited do not conflict with those in which it is held
that the testimony of jurors may be received to sustain their ver-
dict.  *State* v. *Hascall, supra; State* v. *Howard*, 17 N. H. 171,
187; *State* v. *Ayer*, 23 N. H. 301; *Leighton* v. *Sargent*, 31 N. H.
119; *Dodge* v. *Carroll*, 59 N. H. 237; *Knight* v. *Epsom*, 62 N. H.
356.  In the latter cases efforts were made by the losing parties
to show that jurors did not do their duty, and the jurors were
allowed to exculpate themselves.  "The motives and character of
jurors, who are bound by their oaths and consciences to a strict
impartiality, and who perform so important a part in our juris-
prudence, should not be assailed without giving them an oppor-
tunity for defence."  *Tenney* v. *Evans*, 13 N. H. 462, 464.  While
testimony that the jury wholly ignored certain evidence before
them might tend to sustain their verdict in some cases, it would
show that they violated their oath in not trying the case accord-
ing to the law and the evidence given them (G. L., *c.* 213, *s.* 24),
and would come within the rule making the testimony of jurors
incompetent to impeach their verdict, instead of the rule govern-
ing the cases last cited.

In this case incompetent material evidence was laid before the
referees.  It was not withdrawn or excluded before the case was
submitted to them.  They did not pass upon its competency and
exclude it before they attempted to decide the question of fact to

which it related. Their opinion or recollection of its effect, in producing their conclusion, after their conclusion was reached, is no more reliable or competent than that of jurors under like circumstances. It cannot be received whether embodied in a subsequent report, or offered as evidence upon a special inquiry as to the effect of the incompetent testimony.

*Report set aside.*

BLODGETT, J., did not sit: the others concurred.