MAXFIELD *& a. v.* PITTSFIELD *& a.*

Upon a motion to set aside the report of the county commissioners for the alleged reason that one of them, without the fault of either party, was influenced by prejudicial statements made to him by a stranger, his testimony that he was not so influenced is competent.

PETITION for a highway, referred to the county commissioners. The plaintiffs moved that the report be set aside for the reason that the commissioners were not impartial. It appeared that before the trial one S., a resident of the defendant town of Loudon, saw B., one of the commissioners, and talked to him in a general way about taxation, and the embarrassed financial condition of Loudon and other towns in the state. As soon as B. understood S.'s purpose in talking to him, he told him it was not proper to continue the conversation, and no further talk was had between them. B. testified that he was not influenced by this conversation, and the court found he was not. To this testimony of B. the plaintiffs excepted. None of the parties to the suit knew of this conversation until after the trial, nor was it prompted by the suggestion of any of them.

After the close of the hearing, but before the decision, one of the selectmen of Pittsfield accidentally met two of the commissioners and another resident of Pittsfield, and began to talk about trying to influence the commissioners to decide the case in favor of the town. But the witnesses did not agree as to the exact language used. The motion was denied, and the plaintiffs excepted.

*Albin & Martin*, for the plaintiffs.

*Streeter, Walker & Chase* and *William L. Foster*, for the defendants.

*Per Curiam.** The plaintiffs claim that the trial before the commissioners was not fair. By denying their motion to set aside the report the court found that their claim was not supported; and the only question of law presented is, whether on the evidence that finding can be sustained. It is insisted that the remarks made by S. to B. some time before the hearing were calculated to prejudice the latter against the plaintiffs, and that it was not competent for B. to testify that he was not influenced thereby. Assuming that the first position is tenable, it does not follow that the second is correct.

Jurors are not allowed to testify that they were not influenced by incompetent material evidence which was admitted subject to the exception of the losing party, because such evidence would tend to impeach their verdict, and to show that they had violated their oath in not trying the case upon the evidence presented. *Mason* v. *Knox*, 66 N. H. 545. " The authorities are substantially agreed that affidavits of jurors are not admissible to impeach their verdict. . . . The rule rests upon grounds of public policy." *Knight* v. *Epsom*, 62 N. H. 356, 360. Information obtained by a juror before the trial is not evidence, and he is bound to disregard it. His testimony that he did not consider it, or that it did not influence him, would tend to show, not that he had neglected his duty as a juryman, but that he had carefully observed it. It would tend to support, and not to impeach, the verdict. The distinction is between evidence introduced at a trial subject to exception, and the unsworn statements of strangers. The former, if material, the juror is bound to consider in the discharge of his duty; the latter he ought to disregard. When the verdict is attacked on the ground that a juror may have been influenced by statements made to him by a stranger, without the knowledge or fault of either party, his testimony that he was not so influenced is competent evidence in support of the verdict. *Tenney* v. *Evans*, 13 N. H. 462; *State* v. *Howard*, 17 N. H. 171; *State* v. *Pike*, 20 N. H. 344; *State* v. *Ayer*, 23 N. H. 301, 321; *Goodwin* v. *Milton*, 25 N. H. 458; *Dole* v. *Erskine*, 37 N. H. 316, 329; *Knight* v. *Epsom*, 62 N. H. 356; *Palmer* v. *State*, 65 N. H. 221, 222. He may be mistaken, and the fact may be found that notwithstanding his testimony he was not an impartial juror. His testimony, while competent, is not conclusive. *March* v. *Railroad*, 19 N. H. 372; *Tenney* v. *Evans, supra.* As there is no distinction in this respect between the admissibility of the testimony of a juror and that of a commissioner or referee (*Landaff's Petition*, 34 N. H. 163; *Mason* v. *Knox, supra*), the exception to B.'s testimony cannot be sustained.

---

* See foot-note on page 80.

This result is not in conflict with the doctrine of *State* v. *Haskell*, 6 N. H. 361, that the affidavits of jurors " are not admissible to show, in general terms, that they agreed to the verdict solely from the law and the evidence given at the trial." The inquiry here is, not how the commissioners agreed upon their report, or what the motives or inducements were which finally caused them to agree (*Tyler* v. *Stevens*, 4 N. H. 116; *Page* v. *Wheeler*, 5 N. H. 91), but whether B. was prejudiced against the plaintiffs by reason of his conversation with S. The answer to this question does not involve an examination of the grounds upon which the finding of the commissioners was in fact based.

It might be claimed that the remarks of the selectman of Pittsfield to or in the presence of one or more of the commissioners are to be regarded as made by a party. But if he had been a party, it would not follow that the report should be set aside. What he said is a disputed question of fact; and the court may have found that it was intended as mere pleasantry, and was received as such.

*Exceptions overruled.*

BLODGETT and CHASE, JJ., did not sit: the others concurred.