COMMONWEALTH *vs.* WILLIAM P. WHITE.

Essex.   November 7, 1894. — November 28, 1894.

Present: FIELD, C. J., ALLEN, KNOWLTON, & BARKER, JJ.

*Letters as Evidence in a Criminal Case.*

If, at the trial of an indictment for threatening to accuse a person of crime with the intent to extort money, letters which were written more than six months before the acts which were the subject of the indictment, and which relate to other persons and have no tendency to prove a criminal intent, are admitted in evidence, a new trial will be granted, although the other evidence may have been sufficient to warrant the conviction of the defendant.

INDICTMENT, in two counts, charging the defendant with unlawfully and maliciously, on September 14 and 19, 1893, threat-

---

ening one Playdon and one Taylor with the crime of having in their possession with intent to sell the same milk not of good standard quality, with intent to extort money from them.

At the trial in the Superior Court, before *Lilley*, J., it appeared that the defendant was duly appointed milk inspector of the city of Lawrence for the year 1893, and there was evidence to sustain the allegations of the indictment, which evidence consisted of alleged conversations between the defendant and Playdon and his two sons, and between the defendant and Taylor in the presence of Taylor's son.

The government offered in evidence two letters, one from B. F. Davenport, a chemist, to the defendant, which was dated Boston, February 20, 1893, and was as follows:

" Your milk samples were not received by me until this morning.   We close Saturday at 3 P. M., or as soon thereafter as we can finish the particular work in hand.   Hence I cannot mail you my report till the next morning.   I shall drop the express a note to call for your return empty cans and box.

" As you see by my report, two of your samples were all right, and the other two, although I have not any doubt that they were watered a little, yet they were so much above twelve per cent solids that I should advise you not to enter them as your first case in court, but with the advice and consent of your mayor to put them on probation upon their payment of all your costs. I accordingly send you bills made out for each of them."

The other letter was from the defendant to Davenport, dated Lawrence, March 21, 1893, and was as follows:

" Enclosed find a sample of Oleo, which I wish you to analyze and report as soon as possible, belonging to one J. J. Caveney.

" In regard to those two first samples (of Feb. 20) of milk, Mayor (Alvin) Mack says it would not be advisable to ask those men to pay the charges, and he desires to know if you will not call those four samples ten dollars, and let your bill go in the first of next month.

" (Paid ten dollars April 13.) "

The defendant objected to the admission of the letters, neither of which was referred to in any of the alleged conversations. The judge admitted the letters in evidence only for the purpose of showing the intent with which the defendant made the alleged threats.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. P. Moulton*, for the defendant.

*W. H. Moody*, District Attorney, for the Commonwealth.

ALLEN, J.  We cannot see that the two letters had any legitimate tendency to prove a criminal intent on the part of the defendant in the acts which were the subject of the indictment. They were written more than six months before, and related to other persons, and do not show any purpose to collect black-mail of dealers in milk.  Since an objection was expressly taken to the admission of this evidence, and since it was admitted as having some tendency to show a criminal intent, and since we are unable to see that it had any such tendency, we feel constrained to grant a new trial, although the other evidence may have been sufficient to warrant the conviction.  *Commonwealth v. Bosworth*, 22 Pick. 397, 400.  *Commonwealth v. Keenan*, 152 Mass. 9.  *Maguire v. Middlesex Railroad*, 115 Mass. 239.

*Exceptions sustained.*