Strafford, }
June, 1899. }

### PEARSON v. DOVER BEEF CO.

In an action for deceit in a sale between residents of this state, evidence that the vendors unjustifiably caused the arrest of the vendee in another state, in a suit to recover the price of the goods, is competent as tending to show consciousness of some infirmity in their claim.

The testimony of a witness for the defendants, showing activity in causing such arrest, is competent upon the question of his credibility, as disclosing bias and zeal in behalf of the defendants.

The introduction of incompetent evidence by the persistence of counsel in cross-examination, the effect of which was prejudicial to the adverse party and rendered the trial unfair, is a sufficient cause for setting aside a verdict.

CASE, for deceit in a sale of lard. Verdict for the plaintiff. The plaintiff and one Pierce — the defendants' agent who sold the lard to the plaintiff — both resided in Somersworth, and the plaintiff carried on business there. It appeared from the cross-examination of the plaintiff that the issues involved in the action

were previously litigated before the superior court in Portland, Maine, in an action in favor of the defendants against him, in which he testified. Upon redirect examination, he testified, subject to exception, that he was arrested upon the writ in that action in Portland, as he was about to take the last train of cars for the day to return to Somersworth. Pierce was called as a witness by the defendants, and upon cross-examination — after stating that he went to Portland in the morning of the day of the arrest on the same train with the plaintiff, arriving about ten o'clock — testified, subject to exception, that he caused the action to be brought, and, for the purpose of obtaining the plaintiff's arrest, made an affidavit, in substance, that the plaintiff had possessions more than he needed for immediate use and was about to leave the state; that he knew something about the plaintiff's property in Somersworth, and presumed that he had cash; that between five and six o'clock in the afternoon, and within a few minutes of the time when the last train for Somersworth was to start, he pointed out the plaintiff to an officer at the depot, who arrested him; and that he (the witness) returned home on that train. He further testified on cross-examination, subject to exception, as follows:

Q. And you made it [the affidavit] in . . . Portland, to have him [the plaintiff] arrested there, instead of taking what visible property he had in Somersworth, did you?

A. Yes, sir.

Q. And you testified in that case, . . . did you?

A. Yes, sir.

Q. And that was brought before Judge Bonney, when?

A. October, 1897.

Q. And the case was decided against you, was n't it? (Excluded.)

Q. Have you collected your bill as a result of that suit? (Excluded.)

Q. Have you collected your pay?

A. No, sir.

*Edgerly & Mathews*, for the plaintiff.

*John Kivel* and *William S. Pierce*, for the defendants.

CHASE, J. The plaintiff's testimony in relation to his arrest was competent. Apparently, the defendants had no justifiable excuse for following the plaintiff into Maine, where he happened to go for the day, and causing his arrest there just as he was about to start for home. This state afforded them ample provisions for collecting their claim, among which was one for causing his arrest if he concealed his property to avoid its attach-

ment. P. S., *c.* 221, *s.* 8. The evidence tended to show that the defendants were unwilling to submit their claim to the usual course of litigation, but felt the need of resorting to means of oppression to compel a settlement,— that they were conscious of some infirmity in their claim which was liable to defeat it in a fair trial relating to its merits.

The testimony given by Pierce concerning the arrest disclosed his bias and zeal in behalf of the defendants, and was competent upon the question of his credibility as a witness.

Presumably, no judgment has been rendered in the Portland suit; at all events, none is alleged in the pleadings in this action. Neither party was at liberty to introduce evidence of the result of a trial of the issues in the suit, preparatory for a judgment. *King* v. *Chase*, 15 N. H. 9, 13, 14; *Hayward* v. *Bath*, 38 N. H. 179, 185. A portion of the plaintiff's cross-examination of Pierce was objectionable on this ground. Immediately following a question and answer showing that the case had been tried, this question was asked the witness: "And the case was decided against you, was n't it?" Besides calling for incompetent testimony, the question is objectionable, under the circumstances, in being declarative in form as well as interrogative. The witness was asked to confirm a declaration positively asserted. If the answer had been in the negative, the jury might have been in doubt whether the questioner or the witness told the truth. The question having been ruled out, it was followed by another calling for the same incompetent testimony, and, this also having been ruled out, the witness was asked, "Have you collected your pay?" and answered, "No, sir." The natural effect of these three questions and the answer to the last one was to inform the jury that the trial of the Portland suit resulted adversely to the defendants. Although the word "collected" in the last question was not limited by the phrase, "as a result of that suit," it was evidently used in that sense; and the question with the answer conveyed the idea which the counsel had just previously expressed by the declaration that "the case was decided against" the defendants. The incompetent testimony was, by the counsel's persistence, gotten before the jury in spite of the court's ruling, and its effect was necessarily prejudicial to the defendants and rendered the trial unfair. For this reason the verdict must be set aside. *Bullard* v. *Railroad*, 64 N. H. 27; *Demars* v. *Glen Mfg. Co.*, 67 N. H. 404, 407.

*Exception sustained.*

PARSONS, J., did not sit: the others concurred.