Rockingham, {
  Dec. 3, 1907. }

## SPINNEY & a.    v.    MELOON.

A party who objects to the withdrawal of incompetent evidence which was admitted subject to his exception cannot be heard to complain of its prejudicial effect after a verdict against him.

Where the parties to a chattel mortgage covering future acquisitions verbally agree that a portion of the property may be exchanged and the proceeds of the trade substituted therefor, the lien sought to be secured is not enforceable as against a purchaser of the substituted property who has neither actual nor constructive notice of the mortgage.

REPLEVIN, for a pair of black horses, and BILL IN EQUITY, to enforce a lien on the same horses created by a mortgage given to the plaintiffs in August, 1905, by the T. E. Wilson Company, a corporation doing business at Kittery, Maine. Trial by the court and verdict for the defendant, to which the plaintiffs excepted. Transferred from the April term, 1907, of the superior court by *Wallace*, C. J.

The mortgage in question covered all the horses owned by the corporation at the time it was made and " any and all other property which said T. E. Wilson Co. (incorporated) shall hereafter purchase," and was duly executed and recorded. Shortly after the mortgage was made, the parties agreed that Jacob Drinkwater, the Wilson Company's agent, should trade a pair of horses included in the mortgage for the black horses, and that the latter should be subject to the lien.

In February, 1906, the Wilson Company sold the black horses to the defendant. Subject to exception, the defendant testified that before he bought the horses he heard that W. H. Kilburn had some kind of a claim on them, that he informed Kilburn that Drinkwater wanted to sell him the horses and asked if he could buy them and pay Drinkwater therefor, and that Kilburn said that

would be all right.　Kilburn was a member of the firm of Kilburn & Co., plaintiffs in this action.　He has died since these proceedings were begun, but his administrator is not a party to them. After the case was argued, but before it was finally submitted, the defendant moved to strike out the evidence admitted subject to exception, but the plaintiffs objected and the motion was denied.

*Page & Bartlett* and *Ernest L. Guptill*, for the plaintiffs.

*Frink, Marvin & Batchelder*, for the defendant.

Young, J.　The defendant had a legal right to withdraw the evidence admitted subject to exception, at any time before the case was submitted.　*Mason* v. *Knox*, 66 N. H. 545.　The fact that the court could set the verdict aside if it were found that it was produced by that evidence, even if the testimony had been excluded, is immaterial; for the court refused to strike out the evidence because of the plaintiffs' objection to this course, and not because the trial justice found that he could not free his mind from the impressions produced thereby.　It is obvious that if the evidence had been withdrawn the plaintiffs could not insist on their exception to its admission, and they are in no better position now.　If they have been prejudiced, it is because the evidence was considered—not because it was admitted; and since it would not have been considered if they had not insisted that it should be, their exception must be overruled.　They cannot be heard to complain because the court did what they insisted should be done.

The mortgage in question is so far governed by the provisions of the common law that the plaintiffs have no claim on the black horses which can be enforced in an action at law, however it may be as to the horses which Drinkwater traded for them.　If the plaintiffs are to prevail, it must be because of the rule by which such mortgages are enforced in equity (*Pierce* v. *Emery*, 32 N. H. 484); and to avail themselves of that rule, they must show that the defendant knew of their mortgage at the time he bought the black horses.　It is found that the defendant did not know of the plaintiffs' mortgage and is not chargeable with knowledge of it; and consequently they have no lien which is enforceable in equity against him.

*Exceptions overruled.*

All concurred.