Cheshire, ⎱
Oct. 1, 1912. ⎰

### HOLMAN v. BOSTON & MAINE RAILROAD.

Where a physician has given an affidavit as to the physical condition of a witness, in support of an application to take depositions, the fact that the motion was denied by the court is not admissible to impeach the credibility of the affiant's testimony in a subsequent proceeding for the assessment of damages.

A clearly incompetent and prejudicial statement of fact contained in an interrogatory propounded to a witness is no less improper than a declaration to the same effect and furnishes sufficient cause for setting aside a verdict.

CASE, for personal injuries caused by the defendant's negligence. The defendant admitted its liability, and the only question tried related to the damages. Transferred from the April term, 1911, of the superior court by *Pike*, J., upon the defendant's exception to the evidence.

*Charles A. Madden* (by brief and orally), for the plaintiff.

*John E. Allen* and *Streeter, Demond & Woodworth* (*Mr. Allen* orally), for the defendant.

WALKER, J. In consequence of the accident the plaintiff claimed she was suffering from neurasthenia. In the course of the cross-examination of a physician who had testified that she was not suffering from that disease, he stated that after an examination of the plaintiff he had given his affidavit that in his opinion she was in a good condition of health, and that the affidavit was taken to be used upon the defendant's application to the court to take her deposition in term time. Thereupon the plaintiff's counsel asked the witness the following question: "Did you know Judge Plummer denied that motion?" The witness replied that he knew nothing about it. The defendant's counsel took an exception to the question, upon the ground that it was incompetent and prejudicial. The plaintiff's counsel offered to withdraw the question, when, upon the objection of the defendant, the court ordered it to stand on the record.

The question was clearly incompetent. Whether the witness knew what disposition the court made of the application to take the plaintiff's deposition had no conceivable bearing upon the

question of damages, which was the issue on trial. That it was prejudicial is equally apparent. The interrogatory assumed as a fact that the application was denied. It was the unsworn statement of a fact by counsel, and although it was contained in an interrogatory it was no less improper than it would have been if it had occurred in a declarative sentence. *Demars* v. *Company,* 67 N. H. 404, 407; *Pearson* v. *Beef Co.,* 69 N. H. 584, 586. In connection with the other testimony in the case, the jury might, not unreasonably, infer that the physician was not a credible witness, because the court had denied the application to take the plaintiff's deposition, notwithstanding the doctor stated in his affidavit that she was in good health, which was also his opinion upon the stand. It cannot be doubted that the personal views of the judge at the trial as to the credibility of witnesses would have great weight with the jury; and as it is, under our system of jurisprudence, the exclusive province of the jury to weigh the evidence bearing on the credibility of witnesses, a finding by the court upon that subject would not be competent or permissible evidence for the consideration of the jury.

In answer to the argument that the decision in *Conn. River Power Co.* v. *Dickinson,* 75 N. H. 353, is a direct authority for the position that the question was competent, it is sufficient to say that the distinction between that case and the present one, upon this point, is apparent. The fact contained in the question addressed to the witness in that case was not clearly incompetent. Whether the witness took into account, in his estimate of the value of the land flowed, the fact that fifty per cent was to be added to the verdict of the jury by the court, in accordance with the statute, at least called for information that might have had a logical bearing upon the value of the witness' testimony. Whether such evidence would finally be held to be competent or incompetent was a question upon which counsel might reasonably differ. The question was not so clearly incompetent that no reputable lawyer could believe that it was competent. But to ask a witness whether he knew that the court in ruling upon some motion, or a jury in rendering a verdict in a former trial, had disbelieved his testimony would hardly be justified by any one as competent, even on cross-examination.

Nor was the prejudicial character of the question obviated, as perhaps it might have been (*Hallock* v. *Young,* 72 N. H. 416), by a finding that it did not influence the jury in reaching their

verdict.   It was allowed to stand as a part of the record, on the ground that the plaintiff introduced the irrelevant matter at his peril.   When the plaintiff offered to withdraw it, the defendant objected that it could not be withdrawn so as to render the trial a fair one in case the plaintiff prevailed.   The court in effect ruled with the defendant upon this point, and declined to permit the plaintiff to take steps toward correcting the error.   But it is unnecessary to decide whether this ruling was wrong as a matter of law, for the plaintiff took no exception to it and the point is not presented by the case.   The case of *Spinney* v. *Meloon*, 74 N. H. 384, is clearly distinguishable and is not an authority for the plaintiff. The presumption is that the plaintiff was satisfied with the ruling and was content to stand by his original position that the question was not incompetent and prejudicial.   As the defendant's exception raised this issue of law and as it must be sustained, other exceptions taken during the trial are not considered, as they may not arise upon another trial.

*Exception sustained: verdict set aside.*

All concurred.