HON. ASA O. ALDIS,
HON. JOHN PIERPOINT, } ASSISTANT JUDGES.
HON. JAMES BARRETT,

---

BROUGHTON D. HARRIS, *Appellant, v.* HENRY HOLMES.

*Evidence.*

In cases where the issue is not strictly defined, and where it is impossible to anticipate exactly what questions may arise in the course of the trial, the rule in regard to the *admissibility of testimony is,* that it should be received if it would be competent in any view of the case which might be thereafter taken.

Harris, apt. v. Holmes.

A new trial will not be granted on account of the admission of evidence which might have become important in any supposable state of the other evidence or upon any question which probably would thereafter arise in the trial, unless it appear that the evidence so admitted was improperly applied in the decision of the case. REDFIELD, Ch. J.

The plaintiff sought to recover of the defendant for printing an advertisement of a patent churn in which the defendant and another were interested as partners. The contract in regard to the advertisement was made with the defendant's partner, and the advertisement was in the name of the partner alone. There was no evidence tending to render the defendant liable for the price of the advertisement, except the probability that the advertisement was beneficial to his firm. *Held*, under these circumstances, that it was competent for the defendant to prove that he and his partner at the formation of the partnership agreed not to advertise and did not advertise, and also that the interest of the firm in the patent churn so advertised, did not extend to the entire sale of the same, but that the defendant's partner had an interest therein beyond that owned by the firm.

BOOK ACCOUNT. The auditor reported that the plaintiff's account was for advertising in his newspaper a patent churn under the following circumstances:

In April, 1853, Gardner C. Hall was the owner of a patent churn, and procured the plaintiff to advertise it in his newspaper from April 1, 1853 to October 1, 1854, in Hall's name. In February, 1854, Hall and the defendant formed a partnership for making and vending said churns, and about that time the plaintiff met Hall and asked him if he wanted the advertisement changed and the name of the firm annexed to it, but that Hall said the firm received the benefit of the advertisement as it was then printed, and that he did not think the change would make much difference, but that he would see the plaintiff about it some other time. The plaintiff had no farther conversation with Hall upon the subject, but testified that he distinctly understood that the advertisement was to be charged to Hall & Holmes, and that he did charge it to them accordingly. This was all the evidence on the part of the plaintiff.

The defendant testified that he never knew that the advertisement was claimed to be for the benefit of the firm till after October 1, 1854, though he was a subscriber to the plaintiff's newspaper and saw the advertisement therein.

The defendant offered to prove that at the formation of their

24

co-partnership, it was agreed between him and Hall that they would not advertise in the newspapers, and that they never did. To the admission of this testimony the plaintiff objected, but the auditor admitted it.

The defendant then offered to prove that at the formation of said co-partnership, Hall retained from five to seven hundred churns, in which the firm had no interest, and which he sold and offered to sell on his own account, from February to October, 1854. The plaintiff objected to the admission of this evidence but it was admitted by the auditor.

The auditor found that the testimony in the case was not sufficient to charge the defendant with the payment of the plaintiff's claim and therefore reported that there was nothing due from the former to the latter.

The county court, at the April Term, 1857,—UNDERWOOD, J.,—presiding,—rendered judgment for the defendant upon the report.

Exceptions by the plaintiff.

*E. Kirkland,* for the plaintiff.

1. It was error in the auditor to admit testimony of the agreement between the partners, that they would not advertise ; for

*a.* To advertise the wares of the firm was within the scope of the regular business of the concern, and what either of the partners had a legal right to do.

*b.* A private agreement between partners can not affect third persons, who deal with the firm, unless it was known to them.

2. It was error in the auditor to admit testimony to show that Hall had churns of his own for sale ; for

*a.* The sole question for the auditor to determine, was, whether Hall, one of the co-partners, authorized the plaintiff to insert the advertisement of the firm in his paper. The fact that he had churns of his own to sell, was *not* pertinent to the issue, and should *not* have been admitted.

3. The auditor finds that the " testimony produced was not sufficient to charge the co-partner Holmes."

*a.* He comes to this conclusion from the balance of the testimony produced and admitted. In weighing it, he, of course, takes into consideration all the evidence he heard. The testimony ille-

gally admitted, is thrown into the scale, and in the opinion of the auditor "kicks the beam" in favor of the defendant; but

*b.* The plaintiff is entitled to have his case tried and determined by legal evidence, which he has not had before the auditor.

*A. Stoddard,* for the defendant.

The testimony offered by the defendant was properly received.

It tended to explain the continuance of the advertisement, unchanged, and at Hall's expense, after the formation of the partnership, to rebut any presumption against the defendant from having seen the advertisement in the paper, and to explain the conduct of Hall in the conversation with Harris.

1. The law presumes that Hall acted honestly and in accordance with the partnership contract. Phil. Ev. Cowen & Hill's notes, pt. 1, 296–7; 1 Greenl. Ev. section 40.

2. The law presumes he acted in accordance with his interest. Phil. Ev. Cowen & Hill's notes, pt. 1, 301.

Hence it was pertinent to the issue to prove the partnership agreement not to advertise, and that Hall had churns to sell on his private account. 1 Greenl. Ev. section 51, 53 ; 1 Phil. Ev. 169 ; *Pierce* v. *Hoffman, et al.,* 24 Vt. 525.

The opinion of the court was delivered by

REDFIELD, Ch. J. The only questions reserved in the present case are, in regard to the admissibility of certain evidence by the auditor. In regard to such questions, we have to allow a wide range in the admissibility of evidence, in the trial of cases where the issue is not defined, and where, of course, at the time, it is often impossible to anticipate what questions may arise in the course of the trial.

The rule in such cases is, that the testimony should be received, if it is competent evidence in any view of the case which may be thereafter taken. And a new trial is not to be granted on account of the admission of evidence which might have become important in any supposable state of the other evidence, or upon any question which might probably thereafter arise, unless it appear that it was improperly applied in the decision of the case, so that as a general rule it is not safe to raise questions upon the admissibility of evi dence. But the useful and practical method, and the one now more

Harris, apt. v. Holmes.

commonly practised upon, is to reserve the questions upon the application of the evidence to the determination of the case. It is still competent to object to evidence which is in no event competent, and it must be rejected if so remote from the issue, that this is apparent, and especially where the proof offered is not of the character of legal evidence.

The evidence objected to in the present case does not appear to us to have been so obviously irrelevant, that it should have have been rejected, and there is no complaint of the use made of it in the decision of the case, or that in consequence· of this evidence the auditor decided the case upon improper grounds.

The auditor details all the evidence, and decides the case upon the ground that it was not sufficient to charge the defendant. And it seems to us that it had no tendency to charge him. For although the plaintiff stated in his testimony that he distinctly understood he was to charge the advertising to the firm, it is obvious that from what he says passed between him and Hall, he could not have been justified in any such understanding, unless upon the ground that the firm derived the benefit of the advertisement, for Hall expressly declined having the advertisement changed to the partnership, saying he would see about it some other time. And the auditor says this was all the proof on the part of the plaintiff. Here was surely no attempt by Hall to make a contract on behalf of the partnership.

But it might undoubtedly be claimed, that from the nature of the partnership and its business, the advertising would enure to their benefit, and on that ground all the partners would be liable. It was then competent for Holmes to show the extent of the partnership, and that it did not include the entire sale of the article advertised, but that Hall still continued to sell the article on his own account, and that the advertisement would enure to his private benefit, the same as before. And the testimony that the firm were not to advertise, and did not advertise, went effectually to rebut any inference of the liability of the firm on the ground that the service was performed for their benefit, and that the plaintiff was justified in charging the advertising to the firm on that ground. This disposes of all the evidence objected to,

Judgment affirmed.