ROWELL *v.* BOSTON & MAINE RAILROAD.

Juries are organized under the direction of the court, and, for cause, the name of a juror may be excluded before the drawing begins.   Whether a juror is indifferent, is a question of fact, to be decided at the trial, and ordinarily it will not be reheard at the law term.

If in the trial of a cause incompetent evidence is received upon a point that is subsequently admitted, or proved by the opposite party, it furnishes no ground for a new trial.

CASE.   The action is reported in 57 N. H. 132.   Facts appear in the opinion.   Verdict for the plaintiff.

*Marston* and *Frink*, for the plaintiff.

*A. R. Hatch* and *John Hatch*, for the defendants.

BINGHAM, J.   I. The plaintiff, before the jury was empannelled, moved the court to exclude the name of a juror from the box, because the juror was not indifferent.   The court, on examination, excluded the name.   Juries, in this state, are organized under the direction of the court, and it is its duty to decide all challenges for cause.   *Rollins* v. *Ames*, 2 N. H. 349, 350 ; *Pierce* v *State*, 13 N. H. 536, 554 ; *State* v. *Howard*, 17 N. H. 171.   A juror, on motion of either party, may be set aside if it appears that he is not indifferent.   Gen. St., *c.* 194, *s.* 22; *c.* 212, *ss.* 10, 11.   Whether the juror was indifferent was a question of fact, which the court decided at the trial, and it is not ordinarily reheard at the law term.   *March* v. *Railroad*, 19 N. H. 372, 375 ; *State* v. *Pike*, 49 N. H. 399, 406.

II. It was important for the plaintiff to prove that the other engines of the defendants, used on their road, were similar in construction and repair to the one alleged to have communicated the fire ; and the plaintiff was allowed to testify that Waite, the master machinist of the defendants, testified at a former trial that they were.   The defendants subsequently, in the trial, proved the same by their witnesses.

The comparative construction and repair of the engines ceased to be

a question in issue between the parties. The defendants subsequently proved, by competent evidence, what the plaintiff's evidence tended to prove. The fact that the engines were alike, in construction and repair, was essentially admitted. The defendants were not prejudiced by the plaintiff's evidence, and its admission furnishes no ground for setting aside the verdict. *Foye* v. *Leighton*, 24 N. H. 29, 38; *Wiggin* v. *Damrell*, 4 N. H. 74; *Knowles* v. *Dow*, 22 N. H. 387; *Morrill* v. *Richey*, 18 N. H. 295, 298.

*Judgment on the verdict.*

SMITH, J., did not sit : the others concurred.