BURNHAM *v.* BUTLER.

Evidence, admitted upon the undertaking of counsel to make it competent, and withdrawn with the consent of the court, is not a cause for a new trial unless the jury were prejudiced by it. Whether the jury were prejudiced by it is a question of fact to be determined at the trial term.

ASSUMPSIT, on a promissory note given by the defendant to one W., and by him endorsed to the plaintiff. The defendant contended that one C. was an accomplice of W. in obtaining the note from the defendant by fraud, and introduced evidence of a conversation between C.

and a son of the defendant, tending to show an admission by C. to that effect. The plaintiff objected to this evidence, but it was received, the defendant undertaking to make it competent. After its reception he admitted that it was not competent, and offered to withdraw it. It was thereupon ruled out, and the jury were instructed to disregard it. It did not appear, except from the nature of the testimony itself, that the jury were prejudiced by it. Verdict for the defendant, which the plaintiff moves to set aside.

*Bailey & Cutter*, for the plaintiff.

*Stevens & Parker*, for the defendant.

SMITH, J. Evidence which proves to have been improperly admitted may be stricken out, under proper instructions to the jury ; and it is a question of fact, to be determined at the trial term, when this may be done: *Judge of Probate* v. *Stone*, 44 N. H. 593, 607 ; *Zollar* v. *Janvrin*, 47 N. H. 324, 326 ; *Harris* v. *Holmes*, 30 Vt. 352. In his knowledge of the trial, the presiding justice has better means of deciding the question of fact than others can have who were not at the trial. *Fuller* v. *Bailey*, 58 N. H. 71, 72 ; *Hamaker* v. *Eberley*, 2 Binn. 506, 510. If it appears to him, after verdict, that the jury have been prejudiced by the objectionable evidence, he is warranted in setting the verdict aside.

*Case discharged.*

STANLEY, J., did not sit : the others concurred.