## FELCH *v.* WEARE.

In a traveller's suit for damages caused by a defective highway, a material and relevant admission, express or implied, contained in his statement filed before suit in compliance with the statutory requirement, is competent evidence for the defendants.

If the party, whose rights may be prejudiced by conduct of the other party tending to render the trial unfair, gives the court to understand that he is satisfied with amends made at the time by the party in fault, it is a waiver of exception on account of such conduct.

A verdict will not be set aside because of the remark of counsel of the winning party in the closing argument, "I cannot comment on evidence that has been excluded," if it appears that the jury did not know to what evidence the remark referred.

CASE, for injuries from a defective highway. Verdict for the defendants.

*Drury & Peaslee* and *Burnham, Brown & Warren,* for the plaintiff.

*O. E. Branch, J. F. Briggs,* and *J. P. Bartlett,* for the defendants.

CHASE, J.   1. The plaintiff's evidence tended to show that he had suffered from hernia prior to the accident, and that it was aggravated by the injury.   He made no mention of this fact in his statement, filed with the town clerk and selectmen in obedience to statutory requirements (G. L., *c.* 75, *s.* 7; Laws 1885, *c.* 65).   The defendants' counsel was allowed to comment upon this omission in his closing argument to the jury, and the jury were allowed to consider the statement while making their verdict, to both of which rulings the plaintiff excepted.   The statutes required the plaintiff to embody in his statement " a full description " of his injuries and " the extent of the same."   In view of this requirement, the omission of any reference to hernia in his statement might fairly be regarded as an admission that he had no claim against the defendants arising from hernia.   Ordinarily, questions relating to the sufficiency of a statement are for the consideration of the court instead of the jury, but this does not deprive the defendants of the benefit of any admissions in the statement positively made, or fairly implied from omissions or otherwise, that bear upon the issues tried by the jury.   The statement is competent evidence for the defendants, whenever, in express terms or in effect, it contains admissions of the plaintiff which sustain the defendants' side of the issue.

2. In the defendants' opening, their witnesses were described as men of large experience in public affairs and of undoubted truthfulness, who, if known to the jurors as they were known in Weare, must be believed by them.   The plaintiff objecting, the court said that a verdict had recently been set aside for similar remarks in the closing argument.   The objectionable statement was withdrawn, and the court understood that the plaintiff was satisfied and desired no exception.   The proceedings having been such as to produce this understanding, there was no occasion for the court to consider whether the trial should be broken off, or for the defendants to consider whether they would take the risk of proceeding without doing all that the law requires when unfairness has been introduced and the objecting party is not satisfied.   *Bullard* v. *Railroad*, 64 N. H. 27, 32, 33.   In that case, it is held that the objecting party does his duty when he objects, and does not allow it to be understood that he waives his objection.   The plaintiff having allowed a waiver of his objection to be inferred, the defendants were not bound to take all the steps which might otherwise have been necessary to avoid the consequences of their error.

3. During a noon recess, and in the absence of the jury, the admissibility of certain evidence offered by the defendants was argued, and the evidence was excluded.   In the closing argument, the defendants' counsel said, " I cannot comment on evidence that has been excluded."   The plaintiff objected to this remark, and it was withdrawn.   The remark was uncalled for, but, under the circumstances, it must have been harmless.   Such precautions were

taken by the court that the jury could not have known what the excluded evidence was. If they had known what it was, they might have understood the counsel's remark to be an expression of dissatisfaction with the ruling, and an intimation that they ought to consider the excluded evidence. Such an appeal on the legal question of admissibility might have an effect that would make it necessary for the defendants to do more than was done to rectify the wrong. *Bullard* v. *Railroad*, 64 N. H. 27, 32, 33; *Baldwin* v. *Railway*, 64 N. H. 596. Complaint made to the jury of inability to comment on excluded evidence offered in their hearing might be a mode of rendering the trial unfair. When evidence is excluded, the party offering it can except. If he can also have the benefit and probative force of it by inducing the jury to admit it and weigh it, he avoids the risk of an exception by the other side, and preserves his own exception; its formal exclusion is more advantageous for him than its formal admission. The remark under consideration belongs to a dangerous class, but as the jury did not know to what it referred, it may be inferred that it had no influence favorable to the party making it.

*Judgment on the verdict.*

SMITH, J., did not sit: the others concurred.