SABINE v. MERRILL, *Adm'r.*

The defendant's ability to pay for the services of a housekeeper is not evidence of their value.

Unwarranted remarks of counsel, which have no unfair effect, constitute no ground for setting aside a verdict.

ASSUMPSIT, for services in doing housework for, and in the care and nursing of, the defendant's intestate, W. G. Perry, from May 3, 1877, to the time of his decease, November 9, 1887. The evidence tended to show that in April, 1877, the plaintiff engaged to take charge of Mr. Perry's household for four dollars a week; that she acted in that capacity from May 3, 1877, until his death; that at various times she rendered additional services for him, doing the housework and nursing him in sickness; that she was usually paid every four weeks at the rate of four dollars a week, for which she gave receipts, contained in diaries, generally expressed to be "in full to date." There was also evidence that Mr. Perry recognized that four dollars a week did not pay her for her extra services. Among the receipts in the diaries was the following unsigned receipt: "Settled up with Mrs. E. F. Sabine from August 7th to Sept. 30th, 1887, $18 62-100 dollars in full to date." This was not put in evidence. By request of the administrator, she had charge of the property in the house until December 23, 1887, and gave him a receipt, the first item of which is as follows: "Settled with William G. Perry up to date, Oct. 1st, at $4.00 per week, continuing until Nov. 9th, 1887, making 5 weeks and 4 days, 22.57." The plaintiff offered to show that the estate of the intestate amounted to over $57,000. The evidence was excluded, subject to the plaintiff's exception. Counsel for the defendant, in his closing argument, referring to the receipts, read the entry of the unsigned receipt and commented upon it. To this the plaintiff excepted. The jury returned a verdict for the plaintiff for $300, which she moves to set aside.

*Burnham, Brown & Warren,* for the plaintiff.

*James F. Briggs* and *Sulloway & Topliff,* for the defendant.

*Per Curiam.**  The plaintiff's claim is founded not on the express contract by which Mr. Perry agreed to pay her four dollars a week for taking charge of his household affairs, but on an implied promise to pay her for other services in doing his housework and nursing him in sickness.  The defendant contended that she had been paid in full for all her services, and relied principally upon certain receipts signed by her.  Upon this issue the jury returned a verdict for the plaintiff; that is, they found that her receipts, though generally expressed to be " in full to date," were intended to be evidence of payments for her services as the intestate's housekeeper only, and that she was entitled to recover upon the implied contract.  Having obtained a verdict establishing the contract, she cannot complain that she was not allowed to introduce other unnecessary evidence to prove it.  If evidence of the amount of Mr. Perry's estate was competent on this question, its exclusion was harmless; nor can it be claimed that it had any legitimate bearing on the question of the value of her services.

It is not apparent how the statement of the defendant's counsel, in argument, prejudiced her case.  If the unsigned receipt had been admitted in evidence, and had been in the plaintiff's handwriting, its only effect would have been that of an admission that she had received pay for all her services; and this was the only effect of the counsel's statement in regard to it.  But the jury found that the unsigned receipt, as well as those which were signed and expressed to be " in full," did not amount to such an admission.  The remarks of counsel did not produce the result intended; and the plaintiff's case was not prejudiced thereby.

*Judgment on the verdict.*

SMITH, J., did not sit: the others concurred.