Belknap,
Jan. 5, 1909.

### WILMOT, *Adm'x*, *v.* VANNAH.

Evidence that a person to whom money was entrusted left it within easy reach of one whom he knew was liable to steal it warrants a finding that it was lost through his negligence as the custodian thereof, for which he is responsible.

The admission of irrelevant evidence which has no prejudicial effect does not furnish cause for setting aside a verdict.

ASSUMPSIT, to recover a sum of money belonging to the estate of Mary Ann Vannah, deceased. Trial by jury and verdict for the plaintiff. Transferred from the March term, 1908, of the superior court by *Wallace*, C. J.

The plaintiff claimed that the defendant wrongfully took the money from Mrs. Vannah during her last sickness, or that the deceased constituted the defendant custodian of the money and that he was negligent in caring for the same, and that he refused to pay it to the plaintiff. The plaintiff's evidence tended to sustain these claims. The defendant denied that he had any money in his hands belonging to the estate, and claimed that it had been stolen by his brother.

At the close of all the evidence, the defendant's motion that a verdict be directed in his favor was denied, subject to exception. The court instructed the jury that if the deceased constituted the defendant the custodian of her money, and he negligently lost it, he was liable. The defendant excepted to the submission of this proposition to the jury, on the ground that there was no evidence to warrant it. Upon the jury returning a verdict in favor of the plaintiff, they were inquired of by the court upon what ground they based their verdict, and they reported orally that they found

that the defendant did not wrongfully take the money of the intestate, but that she had constituted him the custodian of the money and that it was lost by his negligence. The defendant moved to set aside the verdict because there was no evidence warranting the submission of the question whether the defendant was the custodian of the intestate's money and negligently lost the same. The motion was denied and the defendant excepted.

Subject to the defendant's exception, the plaintiff was allowed to introduce evidence tending to show that at the time she made an appraisal of the estate she asked to have a certain trunk and contents appraised as the property of the intestate, but that the defendant objected thereto, claiming the trunk and the contents as his private property, while she claimed that it contained effects of the estate; that finally he was compelled by the appraisers to open the trunk, and that it contained certain articles which the plaintiff claimed belonged to the intestate, and the defendant claimed belonged to him.

*Arthur A. Tyler* and *Stanton Owen*, for the plaintiff.

*Walter S. Peaslee*, for the defendant.

WALKER, J. The defendant's exception to the charge of the court in regard to his liability as the custodian of the money must be overruled. His own testimony tends to show that his mother during her last sickness put him in possession of the money and gave him certain directions as to its disposition after her decease, and that he assumed the custody of it. He also testified that the money was kept upon a certain shelf under a table, that he knew his brother was liable to steal it, that he left his brother in the house for some time while their mother was confined to the bed, and that upon his return he discovered that the money had disappeared. He also submitted other evidence in proof of his claim that his brother stole the money. That evidence of this character was sufficient to prove that he was the custodian of the money, and that, if lost, it was lost through his negligence in caring for it, is too plain for argument. The defendant's exception to the charge raises no other question than the sufficiency of the evidence to sustain the verdict. Nor does his exception to the denial of his motion to set aside the verdict upon the ground that it was not warranted by the evidence present a different question. As the evidence was sufficient, the motions were properly overruled.

The admission of the evidence in relation to the opening of the trunk and its contents at the time of the appraisal does not appear to have been erroneous. The plaintiff in the performance of her

duty as the administratrix of her mother's estate was seeking to find such personal property as belonged to the estate, including the money which she supposed her mother had at her decease. She did not know but that the money was in the trunk which, as she testified, she believed was her mother's trunk. The fact that, upon opening it, it contained no money and was not shown to have been the place where the deceased kept her money makes this testimony wholly irrelevant to the issues tried in this case. It has no legitimate tendency to prove that the defendant ever had the money which it is claimed belonged to his mother's estate. But it does not appear to have been prejudicial. The defendant's assertion both before and after the trunk was opened, that its contents did not belong to his mother's estate, but that whatever was in it was his property, was not shown to be untrue by the fact that it contained certain articles which the plaintiff had said were her mother's. Whether the articles belonged to the estate was not in issue, and the antagonistic claims of the parties in reference to their ownership were not only unimportant in the trial of this case, but they were not prejudicial to the defendant. Nor does the apparent fact that the articles had at some previous time belonged to his mother show that they were not at the time of the appraisal his property, acquired either by sale or gift. The prejudicial character of this incompetent testimony is not apparent.

*Exceptions overruled.*

All concurred.