Cheshire,  
Nov. 2, 1909.

### CONNECTICUT RIVER POWER CO. *v.* DICKINSON *& a.*

An expert upon the question of land values, who has testified as to his dealings in realty, may be examined as to the extent of his ownership of real estate in the vicinity of the premises in question.

A ruling in one case excluding certain evidence is not "the law of the trial" in another case, where similar evidence is offered bearing upon a different issue and tending to prove a dissimilar fact.

If evidence has a logical bearing upon the issue raised, it is not inadmissible merely because the jury may consider it upon another issue to which it is not legally relevant.

Knowledge by counsel that certain evidence which he believes to be competent will be excluded by the trial court does not render an offer to produce it by questions addressed to witnesses improper or reprehensible; nor does his desire that the jury should make an illegitimate use of the facts contained in the interrogatory furnish cause for setting aside a verdict.

A verdict is not to be set aside because counsel in the course of argument makes an erroneous statement of the law, or draws an unwarranted inference from facts in evidence.

PETITION, for the assessment of damages for land taken under the flowage act. Trial by jury. Transferred from the October term, 1908, of the superior court by *Chamberlin*, J.

LaFell Dickinson, one of the defendants, was called by the plaintiffs as an expert upon the subject of land values. Having testified that the defendants had dealt largely in lands for some twenty years, he was allowed to testify, subject to exception, that with one exception he knew of no one in the vicinity who was as large a landowner. Having stated what in his opinion the land in question was worth under existing conditions, the witness was asked by the plaintiffs' counsel whether in making his estimate of value he took into account the fact that fifty per cent was to be

added to the verdict of the jury by the court. The defendants excepted to the asking of the question, and the court ruled it out and specially instructed the jury not to consider the information contained in the question. The plaintiffs also excepted to the ruling of the court.

In the preceding trial of a similar petition for the assessment of damages for land taken by the plaintiffs, their counsel, who was the same as in this case, offered to put into the case the flowage act, and the court excluded it. It is found as a fact that counsel for the plaintiffs in asking the above question knew and understood that it would give the jury information that fifty per cent would be added to their award of damages, and that he had no other real purpose in creating the situation and in asking the question than to convey such information to the jury, believing that the court would exclude such information. Counsel claimed he had the right to ask the question.

In his argument to the jury the plaintiffs' counsel referred to a fact in evidence, that of the many pieces of land which the company flowed they acquired from the owners all but three, and then said: "And it is an inference which you gentlemen are not only allowed to draw, but that you will draw from that fact, that this— whether or not this corporation has not been undertaking to deal fairly and justly with the landowners upon that river." The defendants excepted to this remark, and the court instructed the jury not to consider it.

*Charles H. Hersey, Streeter & Hollis,* and *Harold E. Whitney* (of Vermont), for the plaintiffs.

*Cain & Benton* and *Oliver E. Branch,* for the defendants.

WALKER J. No error was committed in allowing the witness Dickinson to be asked whether he and his estate have acquired lands so that they are the largest landowners in the vicinity. Although he was one of the defendants, the plaintiff had the right to call him as a witness and subject him to cross-examination upon the issue involved. P. S., c. 224, s. 15. As he had testified that they had dealt largely in lands for many years, it was competent for him to testify as to the extent of his ownership of such property, because that fact would naturally tend to show what his qualifications were, derived from experience, to form an opinion of the value of the real estate in question. The evidence was competent.

It is insisted that serious error was committed by counsel for the plaintiff by including in his question to the witness the sug-

gestion or information that the statute authorized the court to add fifty per cent to the amount of the verdict. This occurred upon cross-examination, after the witness had testified that, in his opinion, under existing conditions the land was worth $20,000. The alleged prejudicial error consisted in stating to the jury the statutory provision, which it is claimed would induce the jury to estimate the value of the land at a less sum than they otherwise would. This claim is fundamentally based upon the proposition that the fairness of the trial required the exclusion of that fact from the jury. But they were explicitly instructed not to consider it. The question is whether a verdict must be set aside when the prevailing party has included in a question to a witness a suggestion of a prejudicial fact which counsel has reason to believe the court will exclude, and which the court does exclude and instructs the jury not to consider.

The defendants contend that counsel for the plaintiff violated what has been termed " the law of the trial," and *Batchelder* v. *Railway*, 72 N. H. 329, is cited in support of the contention. In that case, after a conference between the court and counsel in the absence of the jury as to the admissibility of certain evidence offered by the plaintiff and a distinct refusal by the court to admit it, the plaintiff's counsel, upon the resumption of the trial before the jury, asked several questions of a witness which indirectly conveyed to the jury the information which the court had clearly declined to admit in evidence. Although these questions were excluded, it was held that they had a prejudicial effect upon the jury and that they were asked in plain violation of the ruling of the court, which was " the law of the trial." The verdict returned for the plaintiff was therefore set aside. It is apparent, however, that that case is not an authority for a similar holding in this case. The court had made no ruling in this case excluding the proffered evidence, and consequently no " law of the trial " upon the subject had been established. The fact that in the preceding trial, for the assessment of damages for other land taken by the plaintiff, the court had refused to allow the plaintiff's counsel to read the flowage act to the jury was not only not a ruling in this case, but the question did not arise in the same way. While the court might believe that the statute should not be put in evidence in the first case, it does not follow that the question asked of the witness Dickinson in the second case was improper under the decision in *Batchelder* v. *Railway*. Indeed, it is not entirely clear that if the ruling excluding the statute had been made in this case, and subsequently the question objected to had been put, " the law of the trial " would have been violated. But however that might be, it would be unreasonable

to hold that a ruling in one case excluding certain evidence is in effect a ruling in another case, where similar evidence is offered bearing upon a different issue and tending to prove a different and a dissimilar fact. The question called for information upon the subject of Dickinson's valuation—a subject not presented in the other case; and whether it was a legally competent question or not, the court had not determined or ruled that it could not be asked, or that the information it contained as to the statute could not be suggested to the witness in order to test the soundness of his valuation.

But it is urged that the sole purpose of counsel was to get before the jury the statutory fact for their consideration in returning their verdict, hoping that the amount of the jury's valuation would be thereby decreased, and the court has found that such was the controlling purpose of counsel in asking the question. But the legal competency or relevancy of evidence does not depend upon the undisclosed purpose of counsel in framing questions to witnesses. Its probative value upon the issue raised is determined by its logical bearing thereon; and if it is found to have such a bearing, it is not excluded as inadmissible because the jury may consider it upon another issue to which it is not legally relevant.

Suppose the witness, in reply to a general inquiry as to his method of estimating the value, had volunteered the information that one of the elements he considered was the fact that the statute authorized the court to increase the verdict of the jury fifty per cent. If as a matter of law it was incompetent for him as an expert to take that fact into consideration, it would render his testimony incompetent. His opinion of value would not be such an opinion as the law permits the jury to consider as evidence. But it would not necessarily have the effect of vitiating their verdict after an instruction from the court that they could not consider it. It is the usual practice, when a witness makes statements in testifying that are incompetent and prejudicial, for the court to order them stricken from the record; and if the jury are instructed not to consider them, their erroneous effect is ordinarily cured. *Lee* v. *Dow*, 73 N. H. 101.

In *Dow* v. *Weare*, 68 N. H. 345, which was an action for injuries caused by a defective highway, it appeared that gravel had been dumped in the road so that the obstruction was not so apparent at the time of the trial as it was when the accident occurred. The time when the repair was made became material upon the question of the extent of the alleged defect. " The question when the gravel was put there, and the answer ' Thursday after the accident,' upon objection were ruled out." And the

court say: "It is difficult to see how, if the evidence had been admitted, the objection could have been sustained unless the fact shown was used as evidence of an admission of need of repair (*Aldrich* v. *Railroad*, 67 N. H. 250), which the case finds was not the fact. . . . Counsel in the trial of a cause must necessarily put many questions which may be held incompetent." If they are also prejudicial, one means of curing the error is afforded by instructions to the jury, which counsel have ample opportunity to request.

Furthermore, it does not appear that the plaintiff's counsel understood when he asked the question that it was incompetent. It is certain that its incompetency was not so clear that it could be inferred that he knew that fact. Believing it was competent in the cross-examination of the witness to ascertain whether he considered the statutory provision as an element in his estimate of value,—taking that view of the propriety of the question,—it is immaterial that he had a purpose to get before the jury the fact that the court would increase the amount of the verdict by one half. There is no suggestion that counsel intended to ask a prejudicial question which he knew was incompetent. He had a right to ask questions which he thought were competent, though he might know the judge would exclude them, and to protect his client by an exception to the ruling, as he did in this case. Knowledge by counsel that the trial court will exclude certain evidence does not render the offer to produce it by questions addressed to witnesses improper or reprehensible. In many cases such procedure affords the only means for parties to preserve their legal rights. It is not suggested that the plaintiff's counsel had investigated the subject so thoroughly as to know that the question he asked was clearly inadmissible for the purpose of ascertaining the grounds upon which the witness based his opinion; and the inference is that one purpose he had was to ask a legally competent question, in the absence of a finding that he had no such purpose. In short, it cannot be said he had no right to ask the question upon the theory that the answer might furnish a test of the witness' expert testimony of the value of his land. That was his legal right.

It must, of course, be conceded that he had no right to use the evidence elicited from the witness, or practically contained in the interrogatory, for an illegal purpose. But as he intended to ask a question that was legally competent, or at least one about which good lawyers might differ, the fact that he also had a purpose to make an illegitimate use of it, or hoped the jury would use it in a way deemed illegitimate at the trial, did not make the question improper, if it was otherwise proper for counsel to ask.

Suppose the question had been ruled in, and it should be held

as a matter of law that it was competent as a test of the reliability of the witness' opinion and for no other purpose: would it be claimed that it should have been excluded because the examiner hoped the jury would consider it upon an issue in proof of which it was not legally admissible? In such a case the party's protection is secured by asking for special instructions to the jury. An exception to the admission of evidence relevant to any issue in the case ordinarily raises no question of law. *Robinson* v. *Stahl*, 74 N. H. 310; *Haskell* v. *Railway*, 73 N. H. 587. No reason is perceived why, when the objectionable question containing the statement of an incompetent fact is ruled out, the objecting party should receive greater protection than he does when it is ruled in upon a single issue. One difficulty with the defendants' argument is that there is at least reasonable ground to contend that the objectionable fact disclosed in the question was competent, and that the plaintiff's counsel took that view of it at the trial. The case is not one where counsel has knowingly stated prejudicial facts in the presence of the jury, the competency of which on any of the issues presented no lawyer would attempt to sustain. *Demars* v. *Company*, 67 N. H. 404, 407. Nor is it a case where counsel persisted in injecting the fact into the case after it had been ruled out, as in *Batchelder* v. *Railway*, *supra*. As it had not been ruled that the statute could not be referred to in the examination of expert witnesses, and as it is not so clearly incompetent for that purpose that counsel could not reasonably and honestly claim that it was competent, his desire that the jury would make an illegitimate use of it furnishes no sufficient ground for setting aside the verdict.

The exception to the remarks of counsel in argument is untenable. They contained no statement of fact not in evidence. Counsel was merely urging the jury to draw a certain inference from the evidence in the case. If such inference was for any reason improper or illegitimate, the erroneous effect of the argument was correctible by the court in its charge to the jury. A wrong statement of the law, or the making of unwarranted inferences from the evidence in argument, is no cause for setting aside the verdict. *Leavitt* v. *Company*, 72 N. H. 290; *Seeton* v. *Dunbarton*, 73 N. H. 134, 137.

The defendants' exception to the refusal of the court to give certain instructions to the jury bearing on the elements of damage for them to consider has not been urged by counsel, and so far as appears the charge of the court submitted to the jury all legitimate grounds for assessing the damages asked for in the defendants' requests.

*Exceptions overruled.*

All concurred.