Grafton,
May 4, 1915.

### EDWIN B. PALMER  v.  CHARLES H. DIMICK.

Where an interrogatory of counsel in cross-examination embodies a prejudicial statement of fact unwarranted by any evidence then in the case and inadmissible upon any issue on trial, a verdict in his favor will be set aside unless the objectionable remark is withdrawn, the jury are instructed not to consider it, and the presiding justice finds that the error did not render the trial unfair.

Where an objectionable statement by counsel in cross-examination has been retracted and its prejudicial effect eliminated, a reiteration of the remark in closing argument is a violation of the law of the trial and sufficient cause for reversal, in the absence of a specific finding that the jury were not influenced thereby.

CASE, for slander. Trial by jury and verdict for the plaintiff. Transferred from the October term, 1915, of the superior court by *Sawyer*, J.

The alleged slander consisted of remarks by the defendant reflecting upon the honesty of the plaintiff in his business dealings. It appeared in evidence that one Heaton, who was a witness for the defendant, had previously sued the plaintiff for stealing two notes from him, and that that action had been tried before a master, who had filed his report, but that no judgment had been rendered thereon. During the cross-examination of Abbott, who had shown some bias for the defendant, reference was made to the suit *Heaton* v. *Palmer*, when the plaintiff's counsel asked "We have got that tried and got a decision?" and the witness replied "Yes." Counsel for the defendant excepted, whereupon the court said to the jury "Strike it out of your minds, gentlemen," and the plaintiff's counsel remarked· "Strike it out; it is of no consequence."

In his closing argument, the plaintiff's counsel used the following language, to which the defendant excepted: "Edwin C. Abbott was another man who testified; says he was always good friends [with

Palmer] until last July—you remember him—when the Heaton case came to trial, and then he shook him [Palmer] because he thought he cheated the old man [Heaton]. If Mr. Abbott had waited until the case of Heaton against Palmer was decided and found out what the facts were, he could have formed a more impartial judgment on whom the trouble rested."

*Alvin F. Wentworth* and *Martin & Howe*, for the plaintiff.

*Owen & Veazey, Charles B. Hibbard*, and *Charles H. Hosford*, for the defendant.

Walker, J. The defendant's witness, Abbott, upon cross-examination testified that he took considerable interest in favor of Heaton in the trial of the former case of *Heaton* v. *Palmer*, as well as in the trial of the present action, in which Heaton was a witness. The witness having referred to the case of *Heaton* v. *Palmer*, the defendant's counsel said "We have got that tried and got a decision?" That this statement of counsel was incompetent and prejudicial cannot be doubted. It in effect told the jury that Palmer was successful in Heaton's suit against him, the pendency of which suit had been previously referred to in evidence. Its evident tendency was to cause the jury to infer that Heaton was a discredited witness and that Palmer's reputation for honesty had been established by the result of that trial. The suggestion that the jury were not directly told what the decision or the finding of the master was, does not answer the objection that they could easily and reasonably infer that the result was in favor of Palmer. Counsel could not have been ignorant that the remark was unwarranted by the evidence then in the case, or that it was not admissible upon any issue then on trial. He could have had no doubt upon that point. So that the case of *Conn. River Power Co.* v. *Dickinson*, 75 N. H. 353, affords no justification for the prejudicial statement. It therefore rendered the trial unfair, unless the error was corrected and rendered harmless.

The burden is on the offending party to show that it was corrected and that the objectionable statement was so completely eliminated from the case that it had no effect in producing the verdict in his favor. The general rule applicable in such a case is well stated in *Story* v. *Railroad*, 70 N. H. 364, 376: "If it does not appear that the verdict cannot have been influenced thereby (*Sabine* v. *Merrill*,

67 N. H. 226), such error is fatal, unless upon objection the party in fault immediately withdraws the objectionable statement, asks the jury not to consider it, obtains an instruction to the jury from the court to that effect, and a finding from the presiding justice that the error was cured and did not affect the result."

Upon the objection of counsel for the defendant, the court said "Strike it out of your minds, gentlemen," and counsel for the plaintiff said "Strike it out; it is of no consequence." But there is no finding by the court that it did not affect the verdict. Nor is there a finding that the defendant was satisfied that the error had been corrected and in effect waived his right to insist upon his exception upon the ground that the statement rendered the trial unfair. *Felch* v. *Weare*, 66 N. H. 582; *Lee* v. *Dow*, 73 N. H. 101, 105.

If it is conceded that the silence of the defendant led the court and counsel on the other side to believe and to act on the belief that the unfair statement had been completely eliminated from the case and would not be insisted upon as constituting reversible error, the argument of the plaintiff's counsel to the jury shows an attempt to again call their attention to the incompetent fact, that there had been a decision in the Heaton case which was not in accordance with the witness' prejudices against the plaintiff,—that is, he would have entertained a more favorable opinion of Palmer if he had examined the report. Although he had withdrawn the unfair statement as "of no consequence" during the examination of the witness, he argued to the jury on the apparent assumption that they understood the finding of the master was favorable to Palmer and discredited the testimony of Abbott relating to Palmer's honesty. His retraction, which may have been sufficient at the time, was overcome by the argument based upon the prejudicial remark. It in effect reiterated the excluded statement which was calculated to render the trial unfair, and was also a clear violation of "the law of the trial." *Batchelder* v. *Railway*, 72 N. H. 329. If, as is suggested, the argument was based upon other remarks or insinuations made during the trial as to the findings in the Heaton case, the result is the same; for they were all ruled out or withdrawn and did not furnish legitimate ground for argument to the jury. As therefore the burden is upon the party who deliberately injects into the trial incompetent facts, for the evident purpose of unfairly influencing the minds of the jury, to show that they were not influenced thereby in reaching the verdict, the plaintiff fails to hold the verdict returned in his favor, because of the absence of such a finding. It is unnecessary to con-

sider the exceptions taken by the defendant to other alleged attempts of the plaintiff's counsel to get before the jury the fact that he was successful before the master in the action of Heaton against Palmer.

*Exception sustained: verdict set aside.*

All concurred.